### 41975. STARKS v. THE STATE.

HALL, Judge. The defendant appeals from his conviction for burglary.

1. The State introduced in evidence an ax that police officers found near the defendant at the place where he was arrested, a piece of the dial of the safe allegedly burglarized, the testimony of a criminologist of the State Crime Laboratory that tests and microscopic studies made by him showed that this ax was the tool that made the marks on the dial of the safe, and a photograph and physical evidence showing the results of the tests. The defendant made a motion to exclude this evidence on the ground that there was "no chain of evidence established." The defendant's contention that there was no evidence that the ax found near the scene was the

same ax tested by the criminologist is incorrect. The ax was presented to the witnesses at the trial. One of the officers who found it identified it as the ax he found at the place where he arrested the defendant. The criminologist identified it as the ax with which he had made the tests.

The rule set out in *Pittman v. State*, 110 Ga. App. 625 (139 SE2d 507), that evidence of the result of a blood alcohol test must be accompanied by evidence identifying the blood with the person from whom it was taken and showing the chain of custody of the blood from the time it was taken to the time it was analyzed, is not applicable to the evidence to which this defendant objects. This ax is a distinct physical object that can be identified and differentiated by the senses on observation. The blood of one individual appears to the senses to be identical to the blood of other individuals, and blood by its nature is not capable of being recognized by observation alone as the blood of a particular individual. It is for this reason that it is necessary to follow strict rules for labeling a blood sample and keeping and handling it in such a manner as to be certain not to lose its identity with the person from whom it was taken. The same reason requires that evidence of the result of a blood test be accompanied by evidence that the sample tested has been handled in this manner so as to be reliably identified.

2. At the trial the defendant objected to the admission in evidence of a statement he made after his arrest to police officers which was written on a typewriter by an officer and signed by the defendant, on the ground that the statement was not freely and voluntarily given and was the result of an illegal arrest. The defendant gave testimony under oath which contradicted testimony of police officers showing that this statement was given by the defendant freely and voluntarily, thus making an issue of the fact whether the statement was voluntary. See *Coker v. State*, 199 Ga. 20 (33 SE2d 171). The trial court charged and cautioned the jury fully on the rules by which they should determine whether the confession was made voluntarily, charged that it should be given no consideration unless it was so made, and that it would not justify a conviction without corroboration by other evidence. The evidence authorized the jury to find the defendant's statement was made to the police officers freely and voluntarily. The record does not show that the defendant

782

was arrested illegally, and the confession was not inadmissible for any reason stated in the defendant's objections at the trial or argued in his brief in this court. See *Bloodworth v. State*, 113 Ga. App. 278 (147 SE2d 833); *McEwen v. State*, 113 Ga. App. 765; *Pistor v. State*, 219 Ga. 161, 165 (132 SE2d 183); *Sims v. State*, 221 Ga. 190, 199 (144 SE2d 103); *Blake v. State*, 109 Ga. App. 636 (137 SE2d 49); *Graham v. State*, 111 Ga. App. 542 (142 SE2d 287).

In response to a question by this court, the defendant's counsel stated during the oral argument that he was not relying on Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908). *Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

ARGUED MAY 3, 1966—DECIDED MAY 19, 1966—
REHEARING DENIED JUNE 1, 1966.

*Henritze, Baker & Bailey, Walter M. Henritze, Jr.,* for appellant.

*Lewis R. Slaton, Solicitor General, Jess H. Watson, J. Walter LeCraw,* for appellee.