## 50239. LORD v. THE STATE.

CLARK, Judge.

Appellant seeks a reversal of his conviction of burglary through invoking two legal principles. One of these contends there is an absence of independent evidence sufficient to meet the requirements stated in *Caldwell v. State,* 227 Ga. 703, 706 (182 SE2d 789) for sustaining a felony conviction based upon the testimony of an accomplice. The other argument relies upon our court's holding in *Pittman v. State,* 110 Ga. App. 625, 627 (139 SE2d 507) that "When a substance analyzed has passed through several hands its custody at all times should be accounted for. The evidence must not leave it to conjecture what has happened to it between the taking

and the analysis." *Held:*

1. Defendant asserts that other than the testimony of his accomplice no facts were adduced below which independently connect the defendant with the crime or leads to the inference that he is guilty; and that therefore a verdict of acquittal was demanded by the evidence.

Defendant's contention is adversely controlled by *Sutton v. State,* 117 Ga. App. 861 (162 SE2d 445), wherein this court held that "While the testimony of one co-conspirator is not sufficient in itself to convict another co-conspirator, where the evidence of an accomplice in a burglary is supported by the testimony of another witness that he saw the defendant in possession of the stolen goods shortly after the burglary, it is sufficient corroboration. *Self v. State,* 108 Ga. App. 201 (132 SE2d 548); *Ford v. State,* 70 Ga. 722; *Boswell v. State,* 92 Ga. 581 (17 SE 805)."

Following the establishment of the corpus delicti and the accomplice's testimony that both he and the defendant committed the burglary, a witness testified that on the day after the commission of the crime he saw two of the items which had been stolen in the burglary in the possession of the defendant and accomplice. He further testified that he accompanied defendant and accomplice to a location where these items were sold by them. Under the rule of law set forth above, this evidence is sufficient corroboration of the accomplice's testimony.

The trial court did not err in refusing to direct a verdict of acquittal.

2. The "chain of custody" argument involved specific items of jewelry, boots, saddles and clothing which had been taken in the burglary. They were identified by the owner of the burglarized establishment as being (or being similar to) the pilfered items (R. 8-11). Positive identification of two saddles was possible through numbers thereon.

Unlike more fungible articles, the exhibits could be identified upon mere observation; therefore, it was not necessary to trace their custody by requiring each custodian of the exhibits to testify. Compare *Pittman v. State,* 110 Ga. App. 625 (139 SE2d 507), with *Starks v. State,* 113 Ga. App. 780 (149 SE2d 841). And see 32 CJS

766, Evidence, § 607, wherein it is noted that "As long as the article can be identified it is immaterial in how many or in whose hands it has been."

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 4, 1975 — DECIDED APRIL 8, 1975.
REHEARING DENIED APRIL 30, 1975.

*Tom Strickland,* for appellant.
*Nat Hancock, District Attorney,* for appellee.