## 51752. ROLAND v. THE STATE.

PANNELL, Presiding Judge.

The defendant was convicted of possessing nontax-paid whiskey. He was sentenced to twelve months confinement. This appeal is from the judgment of conviction and sentence.

The evidence shows that Agent King visited a trailer located in Pickens County on April 11, 1975. Agent King saw an individual inside the trailer whom he identified as the defendant. He also observed several circumstances which gave him probable cause to believe an illegal liquor still was being operated on the premises. Agent King proceeded to get a search warrant and returned to the premises with the warrant within four hours. There was no one present on the premises when the search warrant was executed.

Agent King and several other officers found approximately 600 gallon jugs of nontax-paid liquor inside the mobile home in one gallon plastic jugs. There was a 55 gallon "catch-tank" located in the bedroom which contained illegal whiskey. This "catch-tank" was connected to an underground still located approximately 50 feet from the trailer. The officers discovered 1,056 gallons of nontax-paid whiskey in the hole where the still was located.

Agent Gay testified that he lifted several finger-

prints from various items in the trailer, including a medicine bottle from the bathroom and food jars in the kitchen. A witness from the State Crime Lab testified that these prints matched prints taken from the defendant in jail.

There was testimony that the owner of the trailer had rented the trailer to two women who had said they were renting it for a person named James or Jimmy Roland. Further, a witness who lived near the trailer testified that he had visited the premises in March, 1975, and had talked with an individual who looked similar to the defendant. Prior to trial, this witness had identified a picture of the defendant as the man with whom he had talked in March, 1975.

The defendant testified that he had never rented the trailer in question and had never been in the trailer. He said that he had no idea how his fingerprints could have gotten in the trailer and denied any knowledge of the still and liquor. Further, he testified that he had lived with his mother from December, 1974, until May, 1975, and did not enter Pickens County from the end of January through April, 1975.

1. The evidence supported the verdict of guilty.

2. Enumerations of error 3 and 4 are abandoned.

3. Appellant urges error in the court's admitting into evidence the fingerprints taken from the trailer and from the defendant. He argues that the state's failure to show a chain of custody of the fingerprints sent to the State Crime Lab rendered them inadmissible.

A chain of custody is not involved where distinct and recognizable objects are identified. *Starks v. State,* 113 Ga. App. 780 (1) (149 SE2d 841); *Lord v. State,* 134 Ga. App. 683, 684 (215 SE2d 493). Other courts have held this principle to apply to fingerprint evidence. State v. Brady, 2 Ariz. App. 210 (407 P2d 399); State v. Walker, 263 La. 67 (267 S2d 197). See generally *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174). It is our opinion that fingerprints are the type of evidence which need only be properly identified before their admission into evidence.

In the present case, Agent Gay testified that he lifted the fingerprints from various items in the trailer. He placed one print on each card and identified each as to the

place from which the print was lifted and the date. He then signed his name on the back of each card. He identified Exhibits 13 through 17 as the latent print cards of the fingerprints which he took from the trailer. Officer Corbin identified Exhibit 18 as the fingerprints which he took from the defendant in the Dawson County Jail. Agent Ruth of the State Crime Lab identified the fingerprints lifted by Agent Gay as the ones he used in making the comparison with the defendant's prints.

We find that these exhibits were properly identified, and the court committed no error in admitting them into evidence.

4. Appellant urges error in the court's admitting the fingerprints into evidence in the absence of a showing as to when they were left in the trailer. This enumeration of error is without merit.

" 'It seems well settled both in England and in this country that evidence of correspondence of fingerprint impressions for the purpose of identification, when introduced by qualified fingerprint experts, is admissible in criminal cases, the weight and value of such testimony being a question for the jury.' [Cits.] 'To warrant a conviction, however, the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they could only have been impressed at the time when the crime was committed.' " *Anthony v. State,* 85 Ga. App. 119, 121 (68 SE2d 150).

We find that the fingerprints were properly admitted into evidence; the weight and value thereof were a question for the jury. We need not decide whether the fingerprints could only have been impressed at the time of the crime because the fingerprints were not the sole evidence linking the defendant to the crime. See generally *Vaughn v. State,* 136 Ga. App. 54 (220 SE2d 66); *Brown v. State,* 133 Ga. App. 56 (209 SE2d 721).

5. Appellant contends that the court allowed the state to impeach his own witness and to introduce hearsay testimony over the objection of defense counsel. Mr. Pettigrew, a witness for the state, testified that he talked to a man at the trailer in question and that the man looked like the defendant. He added that five months had passed

since he talked with the man and that he had thought the man had lighter hair and was a little taller. The state then asked Mr. Pettigrew if he had identified a picture of the individual with whom he spoke approximately one month after the conversation. Mr. Pettigrew responded that he had.

The state then called Agent King to the stand and asked him if he showed a picture to Mr. Pettigrew. Agent King testified that he had shown Mr. Pettigrew a picture of the defendant, and that Mr. Pettigrew had identified the picture as the man with whom he had talked at the trailer.

Appellant argues that Agent King's testimony was improperly admitted. He contends that this was hearsay testimony and impeached the state's own witness. There is no merit in either of these contentions.

*Judgment affirmed. Evans and Marshall, JJ., concur.*

SUBMITTED FEBRUARY 3, 1976 — DECIDED FEBRUARY 26, 1976.

*D. William Garrett, Jr.,* for appellant.
*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.