72918. LOONEY v. THE STATE.
(350 SE2d 29)

POPE, Judge.

Jerry A. Looney brings this appeal from his conviction and sentence of driving under the influence of alcohol. *Held*:

1. Appellant's first enumeration of error challenges the trial court's ruling which allowed the playing of a video tape recording (without sound) of appellant while he was being given a breath test for alcohol following his arrest. Appellant timely filed a motion for discovery of his in-custody statements pursuant to OCGA § 17-7-210. The State failed to respond to this request. As a result, the audio portion of the video tape of appellant was excluded from trial upon appellant's objection; however, the video portion of the tape was played for the jury. Appellant objects on appeal to any use of the video tape at trial.

A video tape recording is made by recording audio and video signals on magnetic tape. Webster's Third New Intl. Dictionary, at p. 2551. The advantages of such a recording are obvious, allowing the jury an opportunity to observe a subject's demeanor at the same time they hear his words. Nevertheless, the audio and video components of such a recording can be played separately, one without the other.

OCGA § 17-7-210 provides for pretrial discovery of an accused's in-custody statement(s), written or oral. The intent of this statute is to preclude the State from ignoring the discovery rights of an accused. *O'Kelley v. State*, 175 Ga. App. 503 (2) (333 SE2d 838) (1985). The penalty imposed upon the State for failure to comply with the statute is to bar the use of any such statement at trial. This statute, however, makes no reference to visual reproduction of an accused's actions while in police custody. While the inclusion of an accused's in-custody video tape recording is a logical extension of the items discoverable under OCGA § 17-7-210, such a matter is properly one for the General Assembly, as it was that body which created the subject discovery rights where none had previously existed. See *Garner v. State*, 159 Ga. App. 244 (1) (282 SE2d 909) (1981). Thus, for discovery purposes, only the audio portion of a video tape recording is subject to the provisions of OCGA § 17-7-210 as the statute is now written. While we encourage the State to provide full discovery upon proper request, it appears from the facts in this case that the obvious purpose of the discovery statute was satisfied. See generally *Hilburn v. State*, 166 Ga. App. 357 (3) (304 SE2d 480) (1983). This enumeration of error provides no ground for reversal.

2. Appellant's remaining enumeration cites as error the trial court's allowing certain testimony in evidence concerning the breath test given him following his arrest. The test was ultimately unsuccessful due to appellant's inability to provide a sufficient sample to be tested. The evidence here complained of was the testimony of the intoximeter operator relating to the steps she took to prepare the breath-testing device for the test to be conducted on appellant's breath. Appellant objected to this testimony on the ground that the State failed to provide him a copy of the scientific "report" following his timely request for same under OCGA § 17-7-211. However, it affirmatively appears from the record on appeal that no results from the breath test were achieved, and that the evidence objected to was derived from the operator's "working notes." Under these circumstances, the trial court did not err in admitting the challenged testimony. See *Johnson v. State*, 174 Ga. App. 579 (330 SE2d 791) (1985).

Appellant also contends that the State failed to lay a proper foundation for the testimony relating to the intoximeter because the State failed to show that the breath-testing device utilized here had been approved by the Department of Public Safety. However, the record discloses no objection on this ground at trial, and we will not consider an issue raised for the first time on appeal.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED OCTOBER 10, 1986 —
REHEARING DENIED OCTOBER 29, 1986

*Charles G. Price*, for appellant.
*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.