### 77647. STEVENS v. MYERS.
(378 SE2d 334)

CARLEY, Chief Judge.

Appellant-plaintiff filed a petition for statutory partition of certain property. See OCGA § 44-6-160. Appellee-defendant answered, denying the material allegations of the petition. Appellant subsequently filed a motion to recuse the trial court. The stated ground for the recusal motion was the trial court's alleged bias and prejudice against appellant and her family. The motion was heard before another judge and was denied. Although the denial of the recusal motion was certified for immediate review, appellant did not apply for an interlocutory appeal. Thereafter, appellee moved to dismiss appellant's petition. After conducting a hearing, the trial court granted appellee's motion to dismiss and appellant appeals from that order. Appellant's sole enumeration of error relates to the denial of her motion to recuse.

1. Prior to addressing the merits of appellant's enumeration, two issues relating to appellate jurisdiction must be resolved.

Appellate jurisdiction over cases involving statutory partition is in the Supreme Court of Georgia. See *Wiley v. Wiley*, 233 Ga. 824, 826 (1) (213 SE2d 682) (1975). However, "the [sole] issue in this appeal[, recusal of the trial court,] in no way deals with [an area where exclusive jurisdiction rests in the Supreme Court.] . . . It is not what is in the complaint before the trial court that determines [the Supreme] Court's jurisdiction, but the *issues on appeal*." (Emphasis in original.) *Hatfield v. Great American &c. Investment*, 258 Ga. 640 (373 SE2d 367) (1988). Accordingly, it is this court which has jurisdiction to entertain this appeal.

Appellee urges that this appeal should be dismissed because appellant could have sought an interlocutory appeal from the denial of her motion to recuse. "[A]ppellant['s] failure to appeal immediately is not a waiver of [her] current right to enumerate the trial court's [denial of her motion to recuse] as error. . . . [Appellant was] not required to seek an immediate interlocutory appeal and, a final order having since been entered in the case, [the order granting appellee's motion to dismiss], [she] now [has] the right to secure an appellate review of the ruling. [Cits.]" *PIE Nationwide v. Prickett*, 189 Ga. App. 77, 78 (374 SE2d 837) (1988). Accordingly, appellee's motion to dismiss this appeal is denied.

2. " 'In order to be disqualifying the alleged bias "must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." ' [Cits.] The alleged bias of the judge must be ' "of such a nature and intensity to prevent the [party] . . . from obtaining a (trial) uninfluenced by the court's prejudgment." [Cit.] To warrant disqualification of a trial judge the affidavit supporting the recusal motion "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." [Cits.]' [Cit.]" *Birt v. State*, 256 Ga. 483, 485-486 (4) (350 SE2d 241) (1986). After reviewing the record, we find that appellant's motion to recuse was correctly denied. See generally *Cargill v. State*, 255 Ga. 616, 622 (2) (340 SE2d 891) (1986); *Nix v. State*, 236 Ga. 110, 111 (1) (223 SE2d 81) (1976); *Penney v. State*, 157 Ga. App. 737 (1) (278 SE2d 460) (1981).

3. Appellee's motion for the assessment of a penalty against appellant pursuant to Rule 26 (b) is denied.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs in judgment only.*

DECIDED JANUARY 10, 1989 —
REHEARING DENIED JANUARY 27, 1989.

*Lucinda Stevens*, for appellant.
*Thomas, Kennedy, Sampson, Edwards & Slayton, Donald P. Edwards*, for appellee.