## A91A1795. McBRIDE v. THE STATE.
### (415 SE2d 13)

SOGNIER, Chief Judge.

Stephen Lewis McBride was convicted in a nonjury trial of 21 counts of first degree forgery. He appeals from the judgment entered on the conviction.

Appellant contends there was a fatal variance between the allegata and the probata and that the evidence was insufficient to support the verdict. The indictment charged that appellant, on 21 different occasions between September 14, 1989 and October 12, 1989, "with the intent to defraud, did unlawfully, knowingly possess [a specified check] drawn on the account of Biltmore Atlanta for [a certain sum] in such a manner that the writing as made purported to be made by authority of Biltmore Atlanta [which] did not give such authority and did utter and deliver said writing." Appellant stipulated to the truth of all allegations of the indictment except those concerning intent to defraud and the charge that the checks were "drawn on the account of Biltmore Atlanta."

The evidence adduced at trial established that each check, which purported to be a payroll check, was imprinted with the name "Biltmore Atlanta," an address almost identical to that of the Biltmore Atlanta hotel building in midtown Atlanta, and a phone number identical to that of the hotel. All the checks except one were issued for the same amount, and appellant cashed the checks at various bank branch offices in Cobb County. Each check was issued to "Stephen McBride," and several of them were signed by Angela Shaw, appellant's former wife. Additional testimony established that

the checks were drawn on an account appellant opened at First Atlanta in August 1989 under the name "Steven McBride." Jac Baker, a representative of the company which owns the Biltmore Atlanta, testified that the hotel had been closed for a number of years and had no salaried employees and no bank account under the name "Biltmore Atlanta." Baker testified that appellant was neither employed by the Biltmore Atlanta nor authorized to use any Biltmore Atlanta checking account.

Appellant testified that the checks were issued to him on his account as payment for his services to his catering business, Biltmore Atlanta Catering Service, and that he had intended to supply funds to the account sufficient to cover the checks but was unable to do so because of his arrest. He admitted having the checks printed with the name and address shown, but asserted that the printing company printed the wrong phone number.

Appellant contends there was a fatal variance between the allegata and the probata because the indictment alleged that the checks were drawn on the account of Biltmore Atlanta, but the evidence established that they were written on appellant's account. We agree that the variance occurred, but conclude it was not fatal to the State's proof. "The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." (Citations and punctuation omitted.) *West v. State*, 178 Ga. App. 550, 552 (343 SE2d 759) (1986). While all material averments — i.e., averments that describe either the offense or the manner in which it was committed — must be proved as alleged, *Walker v. State*, 146 Ga. App. 237, 242 (246 SE2d 206) (1978), an unnecessary description of an unnecessary fact need not be proved. Id. at 241.

"By statutory definition, forgery in the first degree can be committed in either of three ways: By knowingly and with intent to defraud uttering a writing (1) in a fictitious name; or (2) in such a manner that the writing purports to have been made by another person, at another time, with different provisions; or (3) in such a manner that the writing purports to have been made by the authority of one who did not give such authority. OCGA § 16-9-1 (a)." *McBride v. State*, 199 Ga. App. 527, 528 (405 SE2d 345) (1991). In the case at bar, the State alleged and proved that appellant committed first degree forgery in the third manner described above — i.e., with writings that purported to be by the authority of the Biltmore Atlanta, which did not give such authority. The proof of this essential element was complete when the State adduced evidence showing that appellant ut-

tered checks imprinted with the Biltmore Atlanta name and phone number and a confusingly similar address and established that the Biltmore Atlanta did not authorize the issuance of these checks. The statute did not require that the State prove that appellant uttered writings *actually* written on a Biltmore Atlanta account, but instead only required proof that he cashed checks *purporting* to be drawn on such an account. See OCGA § 16-9-1 (a). Thus, the inclusion in the indictment of the phrase "drawn on the account of Biltmore Atlanta" was "mere surplusage, unnecessary to constitute the offense, need not be proved, and may be disregarded." (Citations and punctuation omitted.) *Hamlin v. State*, 193 Ga. App. 453, 454 (388 SE2d 48) (1989); compare *Cantrell v. State*, 162 Ga. App. 42 (290 SE2d 140) (1982). The language of the indictment was sufficient to put appellant on notice as to the essential elements of the charged offense so as not to be taken by surprise, and appellant could not be prosecuted again for these offenses. See *West*, supra. Accordingly, we reject appellant's contention concerning the variance and hold the evidence was sufficient to satisfy the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Faulkner v. State*, 186 Ga. App. 879-880 (1) (368 SE2d 820) (1988).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 8, 1992 —
RECONSIDERATION DENIED JANUARY 24, 1992 — ■■■■■■■

*Daniel L. Henderson*, for appellant.

*Thomas J. Charron*, District Attorney, *Irvan A. Pearlberg, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.