A91A1719. McBRIDE v. GAITHER et al.
(418 SE2d 67)

BIRDSONG, Presiding Judge.

Stephen McBride, who is an inmate at the Ware County Correctional Institute, filed several civil complaints in the Ware County Superior Court, alleging that various prison policies, restraints and actions of guards caused him damages. Inter alia, he complains that the Institute's exclusive contract with one telephone company prevented him from exercising the right to choose which telecommunications company would serve him in prison. The trial court ordered that the petitions not be filed, pursuant to OCGA § 9-15-2 (d), upon a finding that "the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading."

In reviewing the trial court's actions on these pro se complaints, we hold the complaints to less stringent standards than formal pleadings drafted by lawyers, to determine, as with an ordinary dismissal (see Hogan v. Peters, 181 Ga. App. 670, 671 (353 SE2d 601)) whether it appears beyond doubt that appellant can prove no set of facts in support of his claims for damages against prison officials which would entitle him to relief. Evans v. City of Atlanta, 189 Ga. App. 566 (377 SE2d 31). Yet, notwithstanding a liberal reading of appellant's pro se allegations (id. at 567), we find that appellant has merely stated a series of grievances asserting in a conclusory fashion that these grievances variously violated his civil rights and entitle him to damages. The matters addressed in appellant's various civil complaints are matters which are governed by the Board of Correction (see Department of Corrections v. Colbert, 260 Ga. 255 (391 SE2d 759)) and the issues cannot be reached judicially in the first instance. See Tyner v. Kelso, 260 Ga. 179 (391 SE2d 406). Appellant has not shown in any manner, nor even suggested to this court, that any of the grievances in his complaints violates or flouts rules, regulations or procedures reasonably established by the Department of Corrections, or that any such alleged grievances address matters of conduct so offensive to the usual and customary amenities or practices encountered in prison by prison habitues and approved by the Department of Corrections as to rise to the level of tortious conduct or a deprivation of constitutional rights that may be redressed by damages. In particular do we find this to be so in view of the burden which rests on an appellant to show, on appeal, actual error below. Shorter v. State, 193 Ga. App. 217 (387 SE2d 427).

Appellant's various complaints merely listing grievances do not set forth a claim for relief (see Hogan v. Peters, supra), because nothing appears by which it may be determined that the occurrences de-

scribed violate usual and customary prison practices and procedures established by the Department of Corrections for the health, safety, discipline and security of prisoners. Accordingly, the trial court did not err in refusing to allow the filing of these complaints pursuant to OCGA § 9-15-2 (d) for a complete absence of any *justiciable* issue of law or fact upon which it could reasonably be believed that the court could grant any relief against any party named in the pleadings. See *Gonzalez v. Zant*, 199 Ga. App. 13, 14, (403 SE2d 880), where we analyzed this issue consistently with the requirements necessary to state a cause of action pursuant to OCGA § 9-11-8.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 7, 1992 —
RECONSIDERATION DENIED APRIL 10, 1992.

Stephen McBride, *pro se.*
*Michael J. Bowers, Attorney General,* for appellees.