A92A0041, A92A0042. McBRIDE v. ZANT et al.
(418 SE2d 781)

BEASLEY, Judge.

Case No. A92A0041 relates to an action, the nature of which is labeled "tort-negligence," which McBride, a state prisoner, brought for actual, nominal, and punitive damages against Zant and officials of the Ware Correctional Institute. The grounds are that during his brief stay in administrative segregation they had denied him the right to send personal correspondence; returned personal correspondence to the sender without notifying him and/or giving the sender an opportunity to object; and placed him on mail restriction in violation of Department of Corrections Rules 125-3-3-.01 et seq. and "the constitution."

Case No. A92A0042 addresses an action for similar damages which McBride filed against Zant and officials of the Georgia Diagnostic & Classification Center, on grounds that during his brief stay as an inmate there he had been harassed and retaliated against for

petitioning the administration for redress of grievances. He alleged that after he received a disciplinary report, a prison official had threatened to send him to isolation, refused to allow him to exit the kitchen, and denied him store privileges after removal of restriction; he was harassed and retaliated against (in unspecified ways) as a result of making a confidential grievance statement and requesting protective custody; and his legal books and materials were illegally seized and confiscated.

In both actions, McBride stated that he presented the facts relating to each complaint in each institution's prisoner grievance procedure, pursuant to Board of Corrections Rule 125-2-4-.23, and in each instance he did not receive a response from the warden. The superior court dismissed both actions for failing to set out a cause of action.

1. The threshold jurisdictional question is whether either or both of the appeals must be dismissed under OCGA § 5-6-35 (a) (1) , which requires an application for discretionary appeal from decisions of the superior courts reviewing decisions of state and local administrative agencies. *Heiny v. Dept. of Public Safety*, 169 Ga. App. 37 (311 SE2d 848) (1983). The answer is no. Appellant has filed separate tort actions seeking damages for official actions which were or could have been the subject of administrative grievances. He is not seeking a review by the superior court of a decision of an administrative agency within the contemplation of OCGA § 5-6-35 (a) (1).

2. Mail regulations in penal institutions are divided into two categories: "legal mail," which is mail to or from attorneys, public officials, or courts, and "nonlegal mail," which is personal correspondence. 22 AmJur Trials, Prisoners' Rights Litigation, § 31, p. 58 (1975). The federal constitutional protection afforded prisoners' "nonlegal mail" is defined in *Procunier v. Martinez*, 416 U. S. 396 (94 SC 1800, 40 LE2d 224) (1974). In *Procunier v. Navarette*, 434 U. S. 555 (98 SC 855, 55 LE2d 24) (1978), another case brought under 42 USC § 1983, it was held that officials who had interfered with a prisoner's outgoing mail in violation of his constitutional rights were entitled to qualified immunity from liability under which they could not be held liable for damages where the claim for relief is, as here, based only on negligence. Consequently, the trial court did not err in dismissing the complaint in Case No. A92A0041.

3. Prisoners may have actionable claims against prison officials for the tortious infliction of injury, as under the Federal Tort Claims Act, 28 USC § 2671 et seq., or under 42 USC § 1983. As to the latter, see *Hudson v. McMillian*, ___ U. S. ___ (112 SC 995, 117 LE2d 156) (1992). However, courts will not interfere with internal prison discipline except under unusual circumstances. See 60 AmJur2d, Penal & Correctional Institutions, § 121, p. 1208 (1987). The harassment actions alleged by appellant in his complaint in Case No. A92A0042 in-

volve internal prison discipline and not the tortious infliction of compensable injury.

The allegations concerning the seizure and confiscation of legal books and material while appellant was being held temporarily at the Center for permanent assignment does not, without more, state a claim after the fact for monetary damages. Consequently, we find no error in the trial court's dismissal of the complaint in Case No. A92A0042 either.

*Judgments affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 6, 1992.

Stephen McBride, *pro se.*
*Michael J. Bowers, Attorney General,* for appellees.