## A92A1178. McBRIDE v. KNIGHT.
(422 SE2d 675)

SOGNIER, Chief Judge.

Stephen McBride brought suit against a judge of the Superior Court of Cobb County and Jerald Knight, the judge's official court reporter, seeking damages for the defendants' alleged deliberate and malicious failure to transmit a copy of the transcript of his criminal trial to this court after he had filed his notice of appeal. The trial court granted the judge's motion to dismiss, and that ruling is not challenged on appeal. Knight moved for summary judgment and proffered in support thereof his affidavit in which he averred that as court reporter, he is not informed when a notice of appeal is filed; that he had no knowledge McBride had filed a notice of appeal; that McBride did not request a copy of the transcript from him; and that when finally made aware that a transcript was requested, he prepared the transcript in due course and the transcript was filed. McBride adduced no evidence to controvert this affidavit or otherwise to create a genuine issue of material fact for jury resolution. The trial court granted Knight's motion, and McBride appeals.

1. This appeal was docketed with this court on March 11, 1992. On April 14, 1992, two weeks after appellant's enumeration of error and brief were due, this court, pursuant to Rules 14 (a), 23, and 27 (b), ordered appellant to file his brief and enumeration of errors no later than April 20, 1992. That order specifically stated that failure to comply with the order within the time required absent good and sufficient cause shall result in dismissal of the appeal. Appellant has failed to comply with this court's order of April 14, 1992 and has failed to show any good and sufficient cause for that failure. Accordingly, this appeal is dismissed pursuant to Court of Appeals Rule 14 (a). *Sutton v. Goldome Realty Credit Corp.*, 192 Ga. App. 839 (389 SE2d 273) (1989).

2. Appellee has moved this court to impose a penalty against appellant pursuant to this court's Rule 26 (b) for bringing a frivolous appeal. " 'Being unable to discern any reasonable ground upon which [appellant] might have anticipated the reversal of the trial court's judgment, we assess a [$500] penalty against [appellant] pursuant to Rule 26 (b) of this court for pursuing a frivolous appeal. The trial court is hereby directed to enter judgment against [appellant] in such amount . . . upon the return of the remittitur in the case.' [Cit.]" *Johnson v. Lomas Mtg.*, 201 Ga. App. 562, 565 (5) (411 SE2d 731) (1991).

*Judgment affirmed with damages. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 23, 1992.

Stephen McBride, *pro se*.

Michael J. Bowers, Attorney General, Beverly B. Martin, Senior Assistant Attorney General, Matthew D. Williams, for appellee.