A93A0285. MILLER v. THE STATE.
A93A0286. ELDER v. THE STATE
(430 SE2d 159)

McMURRAY, Presiding Judge.

A jury convicted Steve Lorenzo Miller and Juan Monte Elder of burglary and, following sentencing, each moved for a new trial. The

trial court denied each defendant's new trial motion. Defendant Miller appeals in Case No. A93A0285; defendant Elder appeals in Case No. A93A0286. *Held*:

1. Defendant Miller asserts the trial court erred in permitting the State to introduce palm print evidence because (1) the State failed to provide him with a copy of the written palm print report ten days prior to trial and (2) the State failed to establish the chain of custody for the palm print. These assertions are without merit.

(a) The State orally notified defendant of the existence of the palm print evidence as soon as it came to the State's attention (i.e., twelve days before trial) and it gave defendant a copy of the written scientific report seven days before trial. It cannot be said, therefore, that the trial court erred in failing to exclude the palm print evidence. *Law v. State*, 251 Ga. 525, 527-528 (307 SE2d 904) (exclusionary provision of OCGA § 17-7-211 does not come into play unless prosecution fails altogether to furnish scientific report).

(b) "A chain of custody is not involved where distinct and recognizable objects are identified. *Starks v. State*, 113 Ga. App. 780 (1) (149 SE2d 841); *Lord v. State*, 134 Ga. App. 683, 684 (215 SE2d 493). Other courts have held this principle to apply to fingerprint evidence. [Cits.] It is our opinion that fingerprints are the type of evidence which need only be properly identified before their admission into evidence." *Roland v. State*, 137 Ga. App. 796, 797 (3) (224 SE2d 846).

(c) The trial court did not err in denying defendant Miller's motion for a new trial.

2. Defendant Elder contends the trial court erred in overruling his motion for a directed verdict of acquittal, denying his motion for a continuance due to the absence of a subpoenaed witness, and charging the jury that an alibi defense involves "a possibility" (rather than an impossibility) of the defendant's presence at the scene of the crime.

(a) "A motion for a directed verdict of acquittal should be granted only when there is no conflict in evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311). On appeal a reviewing court can consider all the evidence (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)) and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436).

"Review of the evidence in this matter reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that [Elder] was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, the trial court did not err by denying [Elder's] motion." *Jones v. State*, 201 Ga. App. 102, 103 (2), 104 (410 SE2d 199).

(b) After defendant Miller rested, the trial court instructed defendant Elder to proceed. Defendant Elder moved for a continuance because a subpoenaed witness was not in the courtroom. Recessing for lunch, the trial court gave defendant Elder until 1:00 p.m. to find the witness "and find out what the problem is." Defendant Elder was unable to find the witness and he moved for an overnight continuance so the witness could "be picked up tonight and brought to the courtroom tomorrow so that he can testify." In this connection, defendant's counsel demonstrated that the witness was an alibi witness and that no other witness was able to present alibi testimony; that the witness was expected to testify that on the day in question, he and defendant Elder were together in Dallas, Georgia, a "good way" from the scene of the crime; that the witness attempted to avoid service of the subpoena; that, eventually, the sheriff's department was able to serve the witness with a subpoena at his house at night; that the witness was in the courtroom on the first day of the trial; and that he told the witness to return the next morning. Summing up, defense counsel presented this plan: "You heard the officer testify that he had a little problem [serving the witness with a subpoena]. It took him three or four times to finally track him down Monday night. I think the only way to track him down is to have the officers go out there, pick him up and bring him in here tomorrow so he can testify." The trial court asked the State to present its position and the assistant district attorney responded: "[W]e're ready to proceed at this time. We can certainly sympathize with [defense counsel's] dilemma, but we would defer to the Court's discretion. . . ." Thereupon, the trial court denied the motion for a continuance.

"Granting or denying a continuance is reversible error only where the court has abused its discretion. *Smith v. State*, 126 Ga. App. 547 (2) (191 SE2d 304). When a criminal defendant moves for a continuance based on a witness' absence, the trial court's discretion is not abused unless the defendant has showed the court all of the prerequisites of [OCGA § 17-8-25]. See *Keller v. State*, 128 Ga. App. 129, 131 (195 SE2d 767) (Evans, J., concurring specially)." *Watts v. State*, 142 Ga. App. 857 (237 SE2d 231). As it is said, "[w]here the motion complies with all of the requirements of [OCGA § 17-8-25], and there is no counter-showing by the State, it is error to refuse to grant the continuance. *Sutton v. State*, 46 Ga. App. 664 (168 SE 911)." *Frost v. State*, 91 Ga. App. 618, 620 (86 SE2d 646).

We think defendant Elder complied with the requirements of OCGA § 17-8-25 and that, in the absence of a counter-showing by the State, the trial court erred in failing to grant the continuance. *Frost v. State*, supra. The State admits that defendant Elder complied with all of the requirements of OCGA § 17-8-25 save one: the requirement that "the applicant expects he will be able to procure the testimony

of the witness at the next term of the court. . . ." We disagree. In our view, defense counsel sufficiently demonstrated that he expected the witness to be in court the next day. Compare *Nation v. State*, 180 Ga. App. 460, 461 (2) (349 SE2d 479), in which that defendant's counsel said he did not know when the witness would be able to testify. It was not incumbent upon defense counsel to state with certitude just when the witness would be available to testify. It was enough that defense counsel demonstrated that he reasonably expected that the witness's presence could be obtained without undue delay.

(c) We need not address defendant Elder's final enumeration of error because it is unlikely to recur upon retrial.

*Judgment affirmed in Case No. A93A0285; judgment reversed in Case No. A93A0286. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 18, 1993.

*Frank J. Sparti II*, for appellant (case no. A93A0285).
*G. Wilson Jones*, for appellant (case no. A93A0286).
*George C. Turner, Jr.*, District Attorney, *James E. Barker*, Assistant District Attorney, for appellee.