A93A0316. ORR v. THE STATE.
(434 SE2d 723)

BLACKBURN, Judge.

Appellant Roger Orr was found guilty by a jury of driving under the influence of alcohol and failure to maintain lane. Orr appeals his conviction based upon the improper admission into evidence of a video/audio tape of the investigatory stop and his subsequent arrest in connection therewith.

Orr's sole enumeration of error, an objection which he raises for the first time on appeal, is that the trial court erred in allowing into evidence a video/audio tape of his arrest where said tape contains statements he made while in police custody, which statements were not made available to his counsel despite a timely demand therefor pursuant to OCGA § 17-7-210 (a).

On June 28, 1991, Orr was arrested and charged with the offense of driving under the influence of alcohol and failure to maintain lane. The investigation and arrest was video/audio taped by a camera in the police car which stopped Orr. Sergeant Rankin Gibby, with the Fayette County Sheriff's Department, testified that upon pulling over the vehicle driven by Orr, he turned the camera on and recorded what transpired.

On April 14, 1992, Orr filed a timely demand for a copy of any statements made by him while in custody pursuant to OCGA § 17-7-210 (a).

OCGA § 17-7-210 (a) provides that "[a]t least ten days prior to the trial of the case, the defendant shall be entitled to have a copy of any statement given by him while in police custody. . . ." Subsection (c) of the same Code section provides that "[f]ailure of the prosecution to comply with a defendant's timely written request for a copy of his statement, *whether written or oral*, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief *or in rebuttal*." (Emphasis supplied.)

On August 5, 1992, the matter came on for jury trial in the Superior Court of Fayette County. During rebuttal, the state sought to introduce the video/audio tape of the investigatory stop and arrest of Orr for impeachment purposes. Orr's counsel objected to the use of the *video* portion of the tape, contending that it was discoverable and had not been produced by the state, stating: "I would object to the pictorial matter coming in. . . . If he [state] wants just to wind the tape up to where he says that Mr. Orr is saying something, turn off the screen, and play the. . . ."

For the first time on appeal, Orr objects to the admission into evidence of the *audio* portion of the tape. "It is well established law that enumerations of error which raise questions for the first time on appeal present nothing for decision. . . . [Cit.]" (Punctuation omitted.) *Moreno v. State*, 204 Ga. App. 463, 464 (419 SE2d 735) (1992). Grounds for reversal which may be considered on appeal are limited to those which were argued before the trial court. *Stephens v. State*, 164 Ga. App. 398, 399 (3) (297 SE2d 90) (1982). Orr's objections were not properly raised before the trial court and cannot be properly considered.

Even if this court considered the enumeration of error as to the admission of the *audio* portion of the tape, raised by Orr for the first

time on appeal, it would not require a reversal of the trial court's ruling. The record reflects that during trial, the prosecution stated in its place that it had timely provided Orr's counsel with Orr's statements, including pre-custody statements, and said counsel did not deny receipt of same and objected only to the admission of the *video* portion of the tape.

To the extent herein relevant, OCGA § 17-7-210 limits the defendant's discovery rights to *written or oral, inculpatory, in-custody* statements. We are constrained to follow the holding in *Looney v. State*, 180 Ga. App. 693 (350 SE2d 29) (1986),[1] that visual reproductions of an accused's actions while in police custody are not discoverable and therefore Orr's objection at trial to the admission of the video portion of the video/audio tape is without merit.

There was evidence to support a finding that the state had provided all properly discoverable material. A "verbatim account" of defendant's statements was not required, where counsel was given a written summary of the statement prior to trial which included all relevant and material portions of the defendant's inculpatory, in-custody statements. *Johnson v. State*, 177 Ga. App. 705 (340 SE2d 662) (1986).

The court's ruling that the video/audio tape was admissible for impeachment purposes was a correct response to the stated purpose of the state in introducing same, and was not a limitation upon the state's right to use the video/audio tape as the state had complied with its discovery obligations under OCGA § 17-7-210. Had the state failed to properly produce timely requested discoverable statements, then it would have been precluded from using same at trial for any purpose, including impeachment. OCGA § 17-7-210 (c); *Henson v. State*, 168 Ga. App. 210 (308 SE2d 555) (1983).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 25, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 — 

*Richard H. Johnston & Associates, Gregory M. Brown*, for appellant.

*W. Fletcher Sams, District Attorney, William H. Stevens, Assis-*

---

[1] In *Looney*, we noted that a videotape recording was a logical extension of the discoverable items listed in OCGA § 17-7-210, but that such an extension would have to be made by the legislature, as the body which originally created this discovery right. Id. at 693. We again encourage the legislature to review OCGA § 17-7-210 and the limiting language contained therein which does not allow discovery of in-custody videotapes or video/audio tapes made in connection with DUI investigatory stops.

*tant District Attorney*, for appellee.