### A94A1003. McBRIDE v. THE STATE.
(446 SE2d 193)

JOHNSON, Judge.

In this pro se appeal of his conviction on 23 counts of first degree forgery, Stephen McBride asserts 19 enumerations of error.[1] Several of the enumerations of error have been consolidated for consideration in this opinion.

1. McBride was sentenced to serve 23 one-year sentences in confinement, to run consecutively. He argues that the sentence is disproportionate to the crimes committed and constitutes cruel and unusual punishment. OCGA § 17-10-1 authorizes a trial court to impose any sentence within the limits provided by law. "The sentence in this case was within the statutory limits [OCGA § 16-9-1 (b)], and any complaints regarding the sentence should have been addressed to the appropriate sentence review panel." (Citations and punctuation omitted.) *Williams v. State*, 208 Ga. App. 716 (1) (431 SE2d 469) (1993). This enumeration is without merit.

2. The state argues that remanding the case to the trial court for an evidentiary hearing on McBride's assertion that assistance afforded him by trial counsel was ineffective is unnecessary. Trial counsel filed a timely motion for new trial. Shortly thereafter, the trial court granted McBride's request to proceed pro se. He withdrew the motion for new trial and filed a notice of appeal. "It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at 'the earliest practicable moment.' *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). In the present case, [McBride] had the opportunity to raise a claim of ineffectiveness of trial counsel prior to this appeal in an amendment to the motion for new trial, but failed to do so. As

---

[1] McBride has appeared as appellant in six previously published opinions. *McBride v. State*, 199 Ga. App. 527 (405 SE2d 345) (1991); *McBride v. State*, 202 Ga. App. 556 (415 SE2d 13) (1992); *McBride v. Gaither*, 203 Ga. App. 885 (418 SE2d 67) (1992); *McBride v. Zant*, 204 Ga. App. 183 (418 SE2d 781) (1992) (two cases); *McBride v. Knight*, 205 Ga. App. 549 (422 SE2d 675) (1992). Four other appeals have been filed in this court by McBride. Three of those appeals were dismissed: A92A1187, A92A1188 and A92A1435. The fourth, A94A0222, was transferred to the Supreme Court.

such, his challenge to the effectiveness of his trial counsel is procedurally barred, and no remand is required. *Owens v. State*, 263 Ga. 99 (3) (428 SE2d 793) (1993)." *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994).

3. McBride has pointed to numerous examples of what he alleges constitute prosecutorial misconduct and vindictiveness which denied him a fair trial.

(a) First he complains that the state's decision to prosecute additional counts against him by means of a second accusation created a presumption of vindictiveness on the part of the state, and illustrates "intentional" and "purposeful" acts intended to oppress and deter McBride from adequately representing himself. Evidence presented at a pretrial hearing indicates that two separate cases against McBride were pending in the district attorney's office, one involving Wachovia Bank and the other involving NationsBank. In the interest of judicial economy and in light of OCGA § 16-1-7 (b), which requires prosecution of crimes arising from the same conduct in a single prosecution, we find this assertion to be without merit.

(b) McBride also complains that the prosecutor gave an interview to the press during the trial of the case, prompting a motion for a mistrial. Outside the presence of the jury, the court questioned the prosecutor who denied giving any information to the newspaper. The jury was asked if it had seen any article related to the case in the newspaper or been influenced by it. The jury denied having read or being influenced by the story. The motion for mistrial was not renewed after a brief curative instruction from the court, and therefore the right to appellate review of the issue was waived. *Leary v. State*, 206 Ga. App. 191 (424 SE2d 903) (1992).

(c) McBride argues that an improper question asked of the state's expert witness by the prosecution caused him irreparable harm by referring to testimony given in a previous case against him. No objection was made at this point in the testimony, and no ruling made by the trial court regarding the testimony. "It is well established law that enumerations of error which raise questions for the first time on appeal present nothing for decision. Grounds for reversal which may be considered on appeal are limited to those which were argued before the trial court." (Citations and punctuation omitted.) *Orr v. State*, 209 Ga. App. 832, 833 (434 SE2d 723) (1993). There is nothing properly before us for review.

(d) We have reviewed McBride's remaining assertions of alleged prosecutorial misconduct and find that they were either waived or are without merit.

4. McBride asserts that the trial court judge's refusal to recuse himself from the case was error. Although it does not appear in the record, McBride asserts that he filed an action pursuant to 42 USC

§ 1983 in federal court against the trial court judge asserting that he had been denied his right to a speedy trial. The trial judge refused to recuse himself stating that the action would not make recusal mandatory because it did not arise from an extrajudicial activity. "In order to be disqualifying the alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. The alleged bias of the judge must be of such a nature and intensity to prevent the party from obtaining a trial uninfluenced by the court's prejudgment." (Citations and punctuation omitted.) *Stevens v. Myers*, 190 Ga. App. 61, 62 (2) (378 SE2d 334) (1989). We have reviewed the record in this case and find that McBride's motion to recuse was correctly denied. Further, we find McBride's numerous other allegations of judicial misconduct to be totally without merit.

5. The trial court's refusal to give McBride's requested "two theories" charge to the jury was not error. In *Johnson v. State*, 210 Ga. App. 99, 102 (2) (435 SE2d 458) (1993), this court finally laid the two theories charge to rest, noting: "[W]e have recently held that this statement of law does not accurately state the principle addressed and should never be given." See also *Kelly v. State*, 212 Ga. App. 278 (442 SE2d 462) (1994).

6. McBride's sixth enumeration of error alleges that the trial court improperly admitted business records. In his brief, however, the discussion merely repeats those arguments already addressed in enumeration 3 (a) regarding the effect of an interview with the media. The argument offered in support of McBride's "Ground 7" in his brief appears to correspond to his sixth enumeration of error and relates to the trial court's ruling on the admission of fingerprint evidence. McBride asserts that this evidence should not have been admitted because the chain of custody had been broken. McBride is confusing the business records exception to the hearsay rule with the requirement that the state prove chain of custody. The state is required to establish a chain of custody when physical evidence is fungible. However, " '[a] chain of custody is not involved where distinct and recognizable objects are identified. *Starks v. State*, 113 Ga. App. 780 (1) (149 SE2d 841); *Lord v. State*, 134 Ga. App. 683, 684 (215 SE2d 493). Other courts have held this principle to apply to fingerprint evidence. (Cits.) It is our opinion that fingerprints are the type of evidence which need only be properly identified before their admission into evidence.' *Roland v. State*, 137 Ga. App. 796, 797 (3) (224 SE2d 846)." *Miller v. State*, 208 Ga. App. 20, 21 (1) (b) (430 SE2d 159) (1993). Moreover, the business records exception does not require that the person laying the foundation for the admission of business records be the custodian of the records. *Hertz Corp. v. McCray*, 198 Ga. App. 484, 486 (402 SE2d 298) (1991). After refusing to admit

the exhibit, we find that the trial court's admission of the fingerprint evidence for a limited purpose was not error.

7. McBride argues that the trial court erred in refusing to sever the offenses for trial. Although we have found the point in the record at which the motion for severance of offenses was made, we cannot find, and neither McBride nor the state has identified, the point at which the court actually ruled on the motion. Without a ruling, we have nothing before us to review. Even assuming a negative ruling, it is clear that all of the offenses were properly tried together. "Offenses may be joined for trial when they are based (1) on the same conduct or (2) on a series of acts connected together or (3) on a series of acts constituting parts of a single scheme or plan. If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary to achieve a fair determination of defendant's guilt or innocence of each offense." (Citations and punctuation omitted.) *Isbell v. State*, 179 Ga. App. 363, 366 (2) (346 SE2d 857) (1986).

Over a five-day period, over 70 checks were cashed by McBride in the metropolitan Atlanta area. Of those, 23 of the checks were cashed in DeKalb County and form the basis of this action. The checks were all drawn on the same Summit National Bank account opened by McBride. In this case all of the charges arose out of a series of acts committed as part of a single scheme or plan. Therefore, the trial court did not err in trying all of the counts together.

8. McBride challenges the sufficiency of the accusation because each of the 23 forgery counts was not supported by separate affidavits. "In felony cases involving violations of Code [Section] . . . 16-9-1 . . . [t]he accusation need not be supported by an affidavit except in those cases in which the defendant has not been previously arrested in conjunction with the transaction charged in the accusation." OCGA § 17-7-70.1 (a). In this case McBride had been arrested and charged on a previous accusation and was on notice of the charges upon which he was to be tried. We see no error.

9. McBride has waived his right to formal arraignment on a subsequent accusation by entering a plea of not guilty. *Staples v. State*, 209 Ga. App. 802, 806 (7) (434 SE2d 757) (1993).

10. McBride asserts that the trial court erred in denying his motion to suppress evidence, asserting that the affidavit upon which the search warrant was issued was insufficient. "On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. [Cit.]" *Burse v. State*, 209 Ga. App. 276 (433 SE2d 386) (1993).

At the motion to suppress hearing, the arresting officer testified

that she and a fellow officer had an arrest warrant for Stephen McBride in connection with forgery offenses, and were keeping his apartment under surveillance in order to serve the warrant. The officers recognized a woman entering the apartment because they knew there was an outstanding warrant for her arrest. The officers attempted to enter the apartment, but the woman refused to open the door. Believing that McBride was inside, they then went to the apartment manager, who gave them a pass key. While looking for McBride, one of the officers saw a box of blank checks bearing the logo of the forged checks which were the basis of the arrest warrant as well as a rubber signature stamp. On the basis of their plain view discovery of the checks and stamp, as well as the existing arrest warrant, which linked the checks to the offenses charged in the arrest warrant, a magistrate issued a search warrant. Considering the affidavit, the testimony of the officers, and the information contained in the arrest warrant together, the trial court found sufficient probable cause to support the issuance of the search warrant. We do not conclude that the trial court's finding is erroneous and will not disturb its denial of the motion to suppress.

11. McBride complains that he was intentionally excluded from participation in several critical points in the trial. First, he asserts that the trial court erred in not allowing him to make closing argument. He did not complain or object at trial, however, and is therefore precluded from raising this issue on appeal. *Hammock v. State*, 201 Ga. App. 614, 620 (8) (411 SE2d 743) (1991).

Second, he asserts that his exclusion from the charge conference denied him due process. "The accused and his counsel have the right to be present at every stage of the proceedings and personally see and know what is being done in the case." (Punctuation omitted.) *Wilson v. State*, 212 Ga. 73, 74-75 (90 SE2d 557) (1955). The right of a defendant to be present at various stages of trial has been examined in numerous cases. See, e.g., *Tiller v. State*, 96 Ga. 430 (1) (23 SE 825) (1895) (during argument to jury); *Seay v. State*, 111 Ga. App. 22, 25 (3) (140 SE2d 283) (1965) (colloquy between jury and trial judge); *Palmer v. State*, 155 Ga. App. 368 (271 SE2d 24) (1980) (jury view); *Martin v. State*, 160 Ga. App. 275, 278 (2) (287 SE2d 244) (1981) (jury view of evidence); *Collins v. State*, 191 Ga. App. 289 (2) (381 SE2d 430) (1989) (recharge to jury). A conference between counsel and a trial judge to discuss requested charges to be given to the jury, however, is optional and not part of the "proceedings." *Simmons v. State*, 172 Ga. App. 695, 696 (2) (324 SE2d 546) (1984). See also Justice Weltner's concurrence in *Bentley v. State*, 261 Ga. 229, 232 (3) (404 SE2d 101) (1991). There is nothing in the record to suggest that either McBride or his attorney requested that McBride be present during the charge conference. Although the better practice would

have been to include McBride in such a conference if he requested to be present, the failure to include him at this optional conference was not error.

12. McBride's assertions that the trial court erred in denying his motion for a directed verdict of acquittal and that the evidence was insufficient to support a verdict of guilty are without merit. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

13. McBride's right to an indictment returned by a grand jury was abrogated by the legislative enactment of OCGA § 17-7-70.1 in 1992.

14. McBride filed two demands for a speedy trial. The first, filed June 3, 1993 is a nullity because the accusations had not been filed. *Fisher v. State*, 143 Ga. App. 493 (238 SE2d 584) (1977). The second demand was filed on September 13, 1993. This demand was timely filed. The terms of court in the Stone Mountain Judicial Circuit begin on the first Mondays of January, March, May, July, September and November. OCGA § 17-7-170 requires that an accused be tried within the term in which the demand is filed or in the next succeeding term. McBride's case came on for trial in November, the term succeeding his demand. The court properly denied his motion for discharge and acquittal based on a violation of his right to a speedy trial.

15. McBride's contention that the state unlawfully amended the accusations in this case is without merit.

16. The final two enumerations of error, "Denial of Appeal" and "Illegal Exclusion and Unlawful Admittance of Evidence to the Jury" are unsupported by argument or citation to authority and are therefore deemed abandoned in accordance with Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Andrews, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I fully concur in all divisions except Division 2. I do agree that it is not necessary to remand the case for an evidentiary hearing on the claim of ineffective assistance of trial counsel. First, there was a waiver by defendant's withdrawal of the motion for new trial; he could have amended it instead, to add the ground. *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994). Inasmuch as he represented himself in effecting the withdrawal, he cannot blame new post-trial counsel for this relinquishment. Although in *Bailey* it was counsel who acted, the pro se defendant is subject to the same requirement. Cf. *Brumby v. State*, 264 Ga. 215 (443 SE2d 613) (1994).

Even if the pro se appellant did not waive the issue by failing to raise it at the earliest opportunity, i.e., by amending the timely motion for new trial rather than deliberately withdrawing it or filing an

extraordinary motion as allowed by OCGA § 5-5-41, the instances of alleged ineffectiveness which he specifies may be reviewed on the existing record, as was done in *Brundage v. State*, 208 Ga. App. 58 (2) (430 SE2d 173) (1993). Compare *Norman v. State*, 208 Ga. App. 830, 831 (3) (432 SE2d 216) (1993). See *Hutton v. State*, 192 Ga. App. 239 (384 SE2d 446) (1989) (Beasley, J., dissenting to the remand).

Appellant's claim is governed by the test established in *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984). He must show "(1) that his attorney's representation was deficient; and (2) that the deficient representation prejudiced his defense, i.e., that a reasonable probability exists that but for the ineffective representation the result of the proceeding would have been different." *Norman*, supra at 832.

Three instances of ineffectiveness are asserted.

(1) The first is that trial counsel allowed certain state exhibits, which were prejudicial and disallowed by the court, to be sent out with the jury. Seven exhibits are identified by number.

State's Exhibit 1 is a map of Atlanta and was admitted by the court.

State's Exhibits 2A and 2B are blowups of summaries which were admitted by the court.

State's Exhibit 6 is a blowup of a check and was admitted by the court.

State's Exhibit 50 is a blowup of a bank check log and was admitted by the court.

State's Exhibit 51 is a map and was admitted by the court.

State's Exhibit 103 is a map of NationsBank branches and was admitted by the court.

Thus, none of these exhibits were erroneously sent to the jury. Moreover, they were properly admitted after, as to each, the requisite foundations were laid and the relevancy was established. They related directly to the checks defendant was accused of forging and the bank locations involved. There is no deficiency in counsel's representation in this regard, much less a deficiency which would raise a reasonable probability of acquittal.

(2) The second instance of alleged ineffectiveness is the failure of counsel to call as a witness Mary Mason (or Munson), to show that the search warrant did not contain the correct unit number of the unit that was searched. Mason was manager of the Briar Valley Apartments where defendant rented an apartment in another name.

Counsel moved, in advance of trial, for suppression of the evidence seized pursuant to the warrant. A hearing was held and the court denied the motion. The affidavit and application for a search warrant, and the search warrant, were in evidence. They identify the place as "1639 Briarcliff Apt. #6 (Briar Valley apartments)." This

was the location that was searched after a pass key was obtained from Mary Mason, according to testimony and the return of service. The name of the lessee was given in the affidavit for the search warrant: "Jeff Stokes alias Stephen Lewis McBride." A different address as the home address was given on the *arrest* warrant. Counsel brought this to the attention of the court in his argument at the conclusion of the suppression hearing. Thus there was no necessity for the testimony of the apartment manager to the effect that the unit was not in the name of Stephen Lewis McBride. That was not a disputed fact. Her testimony would not have changed the outcome of the motion hearing, and thus there is no *Strickland*-tested deprivation. See *Cofield v. State*, 204 Ga. App. 776, 777 (1) (420 SE2d 597) (1992). Division 10 of the majority opinion, in which I concur, concludes that the denial of the motion to suppress was not error.

It is notable that at the end of the hearing, the court stated to defendant: "Mr. McBride, I will tell you — I have said this very few other times — if I was in trouble on a criminal case this man is one of the folks that I would come to see . . . I don't say that about many people . . . He is a good defense attorney."

(3) The third contention regarding ineffectiveness is that counsel permitted certain proceedings to be conducted in his absence. Defendant brought this to the attention of the court at the conclusion of the trial. He referred to a conference in chambers during jury selection and also to the charge conference.

The court explained that nothing substantive occurred during the first one except the denial of a motion by the state, that it had to be conducted out of the jury's presence, and that security concerns counseled against defendant's presence when balanced against the fact that nothing substantive would take place. The court also explained that the charge conference relates to issues of law and is conducted so the attorneys will know before their closing arguments what law the court will charge.

Defendant accepted the court's response, stating: "Thank you. I appreciate your clarifying that, Your Honor."

Thus, even if the point was not waived, the failure of counsel to insist on the presence of defendant at these two aspects of the trial neither constitute deficient representation nor raise a reasonable probability that the results of either proceeding or of the trial itself would have been different. As the majority has ruled in Division 11, a ruling with which I agree, it was not error for the court to conduct the charge conference in the absence of defendant.

In sum, an examination of the specific instances of alleged ineffective representation leads inexorably to the conclusion that defendant was not deprived of reasonably effective counsel.

DECIDED JUNE 9, 1994 —
RECONSIDERATION DENIED JULY 13, 1994.

Stephen McBride, *pro se.*
J. *Tom Morgan, District Attorney, Elisabeth G. Macnamara,
Robert M. Coker, Assistant District Attorneys*, for appellee.