61583, 61584. WINGFIELD v. THE STATE (two cases).

BIRDSONG, Judge.

Donald Wingfield, a first offender, was indicted and convicted of selling $5 worth of marijuana. He was sentenced to ten years, three years to serve and seven on probation.

The undercover GBI narcotics agent Stephens testified that he drove up to a supermarket with Barbara White, an undercover informant. Barbara White went into the supermarket while Stephens remained in the car. A young black man, whom Stephens had never seen before and did not know, approached Stephens and offered to sell some marijuana. Stephens bought $5 worth. The black man returned to the store porch where he had been standing with two other men. When Barbara White returned to Stephens' car, Stephens pointed out the black man and Barbara White informed Stephens the man's name was "Johnny Williams." Some weeks later, Stephens and several other local and GBI law enforcement officers conducted a mass roundup of 25 or more alleged drug offenders at the apartments across the street from the supermarket. Barbara White was not

present, but she had found out and told Stephens where "Johnny Williams" lived. At that certain unnumbered apartment "an unidentified female" opened the door. Stephens saw a black male inside, whom he recognized as the man who had sold him the marijuana. The man was in fact the appellant Wingfield.

The appellant in defense sought to show that he had been misidentified, and that he had never been called or known as "Johnny Williams" or "Johnny Cummings" (the other name listed as an alias on the indictment); that Stephens had, at an earlier trial which ended in mistrial, identified the "unidentified female" in the courtroom and thus learned her name as Wanda Clinton when she had testified. Appellant sought to impeach Stephen's testimony as to the circumstances of the arrest to show misidentification. He enumerates 26 enumerations of error in two appeals as to the conviction and as to the post-trial proceedings. *Held:*

We reverse. On the day of trial in September, 1980, appellant showed that 12 subpoenaed witnesses were not present and that the GBI had refused to reveal Barbara White's address so that she could be subpoenaed. The trial court denied the motion for continuance and proceeded with trial, but fortunately the trial lasted two days, and apparently through his own efforts overnight the appellant was able to secure the presence of his own defense witnesses (except for Wanda Clinton) on the second day. It was shown that these witnesses had been properly subpoenaed and were not absent through appellant's fault. Contrary to the state's assertion that there was "absolutely *no* showing that [appellant] would be able to secure the presence of the witnesses at *any* term of court," the record proves appellant stated that "with the exception of Wanda Clinton and [another witness], who will be available after November the 1st . . . all these persons should be available to be here and testify at any time after this date." Appellant showed that Wanda Clinton's testimony was material to his defense. Appellant thus complied with the requirements of Code Ann. § 81-1410 so as to obtain a continuance and the trial court erred in denying it.

The court refused to compel the presence of three GBI agents because these officers were in Atlanta, over 150 miles from Albany, and the court held this distance exceeded the subpoena powers of the court. Appellant's attorney responded, "I didn't think that was beyond the subpoena powers of this court"; to which the trial court said, "Well, that used to be the rule; I don't know whether it has been changed or not." Appellant's counsel then argued that these three officers were essential for impeachment of Stephens' testimony regarding the circumstances of arrest of appellant, that they were employees and agents of the state present at the arrest, and that the

state could not waive their presence at trial by claiming they were beyond subpoena powers of the trial court; that this was a denial of due process and the Sixth Amendment right of confrontation and the right of cross examination. We think this argument was aptly made and is probably precisely one of the basic reasons that three months before this trial the state legislature amended Code Ann. § 38-801 (e) to extend trial court subpoena powers from 150 miles to statewide. The trial judge was in error as to the law, and was sufficiently alerted to that fact and as to the importance of the issue to be afforded the opportunity to correct the error. See *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 227-228 (173 SE2d 416). The Sixth Amendment right of the criminal defendant to compulsory process and the Fifth Amendment right to due process are sufficiently pervasive, we think, to require the presence of material witnesses in appellant's behalf (see, similarly, *Buford v. State,* 158 Ga. App. 763; and see *Thornton v. State,* 238 Ga. 160, 164-165 (231 SE2d 729)). The state contends appellant did not adequately comply with the precise requirements of Code Ann. § 81-1410 so as to obtain a continuance, but there can constitutionally be no burden on the criminal defendant to prove what facts a witness will testify to so long as he shows the testimony is material. More pertinently the trial court here did not deny a continuance as to these three agents but simply refused to exercise its subpoena powers to compel their presence in the first place. This was error and reversible since the appellant's main hope of defense was to impeach agent Stephen's identification of him by showing the circumstances of the arrest and that the first time Stephens ever saw Donald Wingfield was on the night of the arrest; appellant contended he could achieve this by cross examination of other GBI agents present at the arrest and, if this were so, nothing could have been more material to his defense.

Likewise the trial court's refusal to compel process against Barbara White was reversible error. The state had no prevailing interest in protecting the identity of "Barbara White" because, as the trial court recognized, she was no longer a confidential undercover informant. Her "cover" had been blown and she had testified in other drug cases; in fact her picture is in evidence in this case. She was not a mere tipster (see *Thornton,* supra, p. 164) because she apparently knew the man Stephens pointed out to her as having sold the marijuana, and identified him as "Johnny Williams." If he was one and the same as appellant, the state should have produced her to prove it; if he was not, the appellant was entitled to her testimony in his defense. Either way, her testimony was highly material to the issue of identification, which is appellant's only defense. As there was no government privilege in the case greater than the appellant's right

to a full and fair opportunity to defend himself, her presence at trial should have been compelled. *Thornton v. State,* supra, pp. 163-164. While it is true that as a matter of sufficiency of the evidence ordinarily Stephens in-court identification of appellant as the marijuana seller might be sufficient to sustain the conviction beyond a reasonable doubt, here constitutional error has been committed whereby the defendant has been denied compulsory process of a witness whose testimony is material, and therefore we cannot say the error is harmless beyond a reasonable doubt. See *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133).

Having reversed the conviction on grounds of denial of appellant's Fifth and Sixth Amendment rights, we find it unnecessary to further examine appellant's enumerations of error or to rule on defendant's appeal of post-trial proceedings. We must observe, however, that while evidence of what is required for probation for other first offenders in this jurisdiction is not directly before this court, we have grave concern that such requirements are not constitutionally valid.

*Judgments reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JUNE 25, 1981.

*James Finkelstein,* for appellant.

*Hobart M. Hind, District Attorney, William R. Willburn, J. Brown Moseley, Assistant District Attorneys,* for appellee.