## 74865. JACKSON v. THE STATE.
### (360 SE2d 907)

BANKE, Presiding Judge.

The appellant was convicted of trafficking in cocaine and possession of a firearm during the commission of a felony. On appeal, he contends that the trial court violated his constitutional right to compulsory process for obtaining witnesses in his favor by refusing to issue a writ of habeas corpus ad testificandum to secure the presence at trial of a material witness who was being held in a county jail in a neighboring county.

The case was tried in Fulton County. The witness in question, who had evidently been arrested with the appellant, was in the Douglas County Jail at the time of trial awaiting a probation revocation proceeding. Immediately prior to trial, defense counsel informed the court that he had attempted without success to subpoena the witness at the address set forth in the police report and that he had only just determined that morning, from talking with relatives of the witness, that she was being held in the Douglas County Jail under a different name from that listed in the police report. Based on this showing, the trial court forthwith entered an order directing the Douglas County Sheriff to relinquish custody of the witness to the Fulton County Sheriff for the purpose of securing her presence in court to testify. That order was entered under the authority of OCGA § 24-10-61,

which provides as follows: "Any judge of the superior court may issue his order to any officer having a lawfully imprisoned person in his custody, requiring the production of such person before his court for the purpose of giving evidence in any criminal cause pending therein, without any formal application or writ of habeas corpus for that purpose."

The next morning, immediately before court reconvened following the overnight recess, the trial judge informed defense counsel that although the witness was incarcerated in the Douglas County Jail, she was being held there under federal custody, with the result that it would be necessary "to go through federal procedures to get the lady." Later that day, immediately before court reconvened following the noon recess, defense counsel informed the judge that he had spoken with the U. S. Marshal's Office and had learned that the witness' presence could be secured through the court's issuance of a writ of habeas corpus ad testificandum. See OCGA § 24-10-62. However, the trial judge declined to issue such an order, ruling defense counsel's request therefor to be untimely. On that same basis, the court also denied a motion by the appellant for a continuance to enable the presence of the witness to be secured through such means. *Held:*

1. Under all of the facts and circumstances of this case, we find insufficient basis for a finding that defense counsel was dilatory or failed to exercise due diligence in seeking to employ the compulsory process of the court to secure the witness' testimony. To begin with, we note that the appellant was himself in custody prior to trial, apparently due to indigency, and was accordingly unable to assist defense counsel in locating the witness. Secondly, since the witness was also in custody, the state must bear at least some indirect responsibility for the difficulties experienced by defense counsel in locating her. By this, we do not mean to imply that there was anything improper about the witness' being in custody, nor that any law enforcement official consciously interfered with or hindered defense counsel's search for the witness in any way whatsoever. However, it does strike this court that had it been the state which had desired to secure the witness's presence, the task of determining which jail she was in and under what alias she was being held would not have posed as great a challenge. Finally, we observe that the trial court's concern over the timeliness of defense counsel's request for assistance in securing the presence of the witness did not manifest itself until after the trial had begun and after it had been determined that the original order issued by the court would not be adequate to secure the witness's presence. Taking all of these factors into consideration, and weighing them against the apparent ease with which the witness's presence could have been secured, we are persuaded that the refusal to issue the writ of habeas corpus ad testificandum constituted a denial of the appel-

lant's constitutional right to compulsory process for obtaining witnesses in his own behalf. Cf. *Teat v. State*, 181 Ga. App. 735, 736 (353 SE2d 535) (1987).

2. The state takes the position that the appellant's request for a "continuance" to enable a writ of habeas corpus ad testificandum to be executed was deficient due to the appellant's failure to state the facts expected to be proved by the absent witness, as required by OCGA § 17-8-25. We disagree. In *Wingfield v. State*, 159 Ga. App. 69, 71 (282 SE2d 713) (1981), we held that "there can constitutionally be no burden on the criminal defendant to prove what facts a witness will testify to so long as he shows the testimony is material." That the witness at issue here was in a position to offer material testimony has never been questioned, it being clear that she was present with the appellant at the time the alleged offenses were committed. Moreover, in view of the fact that defense counsel had only just determined the witness's whereabouts immediately prior to trial, he obviously could not have had an opportunity to interview her and thus could not, in the exercise of due diligence, have been in a position to state the specifics of her expected testimony. Under these circumstances, we hold that the showing of the witness's materiality obviated the need for a statement of such specifics. Accord *Wingfield v. State*, supra.

Contrary to the state's contention, this court's decision in *Tomlin v. State*, 170 Ga. App. 123, 125 (5) (316 SE2d 570) (1984), does not require a contrary result, nor do we find it to be in conflict with our holding in *Wingfield*, supra. In *Tomlin*, the defendant failed to make several of the showings required by OCGA § 17-8-25; namely, that the witness resided within 100 miles of the place of trial, that his absence was not with the direct or indirect permission of the defendant, that his testimony was expected to be procured at the next term of court, and that the application for continuance was not made for purposes of delay. In the present case, all of those requirements were either fulfilled or were obviated by the fact that the appellant was not actually seeking a continuance of the trial to another term of court but was merely seeking a recess for a few hours to enable the witness to be brought into court from the Douglas County Jail.

3. We must agree with the state, however, that the court's failure to utilize its compulsory process to secure the presence of the incarcerated witness was harmless with respect to the conviction of trafficking in cocaine, the appellant having readily admitted at trial that he was in knowing possession of the cocaine on which that conviction was based. However, since the appellant denied having been in possession of a firearm, reversal is required with respect to his conviction on that charge.

*Judgment affirmed in part and reversed in part. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 9, 1987.

*Drew R. Dubrin,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Richard E. Hicks, Paul L. Howard, Jr.,* Assistant District Attorneys, for appellee.