A95A2717. GAY v. THE STATE.
(467 SE2d 383)

BEASLEY, Chief Judge.

Gay appeals from his conviction and sentence on one count of attempt to purchase cocaine. OCGA §§ 16-4-1 and 16-13-30 (a). He was also acquitted on one count of possession of a counterfeit substance. OCGA § 16-13-30 (i).

The State's sole witness was an undercover police officer. He testified he was posing as a street-level drug dealer when approached by a car driven by Gay's girl friend Barnes, with Gay in the front passenger seat. They stopped, spoke to the officer, and negotiated the sale of a "20 dollar piece" of counterfeit cocaine in exchange for two cartons of cigarettes. The officer testified that Gay had the cigarettes on the floorboard between his feet and that it was Gay who handed them to the officer and gave assurances they were genuine cigarettes. A videotape of the transaction was shown to the jury, but the view of Barnes and Gay was blocked in such a way that it did not clearly show who handed the cigarettes to the officer.

Gay testified that he had no conversation with the officer, the cigarettes were on the seat between Barnes and himself, and it was Barnes who handed them to the officer. On cross-examination he admitted he had testified in another judicial proceeding that the transaction was completely his and that Barnes had no involvement. He stated that his earlier testimony was falsely made in an attempt to help Barnes keep custody of a child.

No other witnesses testified. Barnes had already pleaded guilty on her own charges and was in custody at the time of trial, which took place on a Monday. On either the preceding Friday or on the morning of trial Gay secured an order from the court requiring that Barnes be produced to testify, presumably under OCGA § 24-10-61; the order is not in the record. A deputy was dispatched on the day of trial to bring Barnes from a correctional facility in Milledgeville, but she was informed there that Barnes had been taken to a hospital and was not available to testify. Gay informed the court of these facts concerning Barnes' production, said he was unable to determine at which hospital she was, and moved for either a mistrial or a continuance, both of which were denied.

Gay enumerates as error the denial of his motion for a continuance, on the ground that a witness was absent at trial. OCGA § 17-8-25 sets forth eight factors that must be shown to the trial court before such a continuance will be granted. Each must be met before an ap-

pellate court will review the trial court's exercise of discretion in denying the motion. *Vaughan v. State*, 210 Ga. App. 381 (1) (436 SE2d 19) (1993). Among them are "that [the witness's] testimony is material; . . . that the applicant expects he will be able to procure the testimony of the witness at the next term of the court; . . . and [that] the application must state the facts expected to be proved by the absent witness." When he moved for a continuance, Gay did not make any statement as to what testimony he expected Barnes to give.

Gay contends he is relieved of the statutory requirement to state the specifics of Barnes' potential testimony because the materiality of Barnes' testimony cannot be in doubt as she was present throughout the transaction, citing *Jackson v. State*, 184 Ga. App. 133, 135 (2) (360 SE2d 907) (1987). In that case, this Court repeated the statement from the decision in *Wingfield v. State*, 159 Ga. App. 69, 71 (282 SE2d 713) (1981), that " 'there can constitutionally be no burden on the criminal defendant to prove what facts a witness will testify to so long as he shows the testimony is material.' " *Jackson*, supra. The defendant had learned the witness's whereabouts only on the day of trial and was determined to have exercised due diligence in seeking to have her produced and in attempting to learn what her potential testimony might have been. Similarly in *Wingfield*, the defendant sought to subpoena three police officers to impeach the State's account of his arrest but could not declare what their expected testimony would have been. The trial court erred in refusing to exercise its subpoena power over the officers at all, rather than in denying a continuance.

Even if *Jackson* and *Wingfield* are applicable to Gay's situation and the court should have granted a continuance, there is no reversible error. At the hearing on Gay's amended motion for new trial, Barnes testified about her whereabouts during Gay's trial. She made no statement about what testimony she would have given and it is unknown whether she would have testified consistently with his version of the events. She admitted she was present during the prior judicial proceeding in which Gay had stated the purchase was his transaction, and that she had not disputed this testimony. There is no indication that Barnes' testimony would have aided Gay. " 'In order for an alleged error to be grounds for reversal, appellant must show not only error, but also ensuing harm. (Cit.)' [Cit.]" *Frost v. State*, 200 Ga. App. 267, 271 (4) (407 SE2d 765) (1991).

Nor does the record reflect that Gay informed the court that Barnes would be available to testify at the next term of court, as the statute requires. Although he argues that the court's immediate denial of his motion prevented him from finding out when she might be available, there is no indication that timely inquiry would have produced that information. At the hearing on the motion for new trial,

Gay's counsel admitted that when the motion was made he had no idea when Barnes would have been available to testify. Barnes' own testimony was that she was hospitalized for psychological and cardiac conditions and signed herself out against medical advice after six days. This does not support an inference that further inquiry would have enabled Gay to show the court she would be available at the next term of court.

Gay failed to make the statutorily. required showings and failed to show that the denial of his motion for continuance adversely affected his defense.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 5, 1996.

Martin & McGuire, John J. Martin, Jr., for appellant.

Cheryl F. Custer, District Attorney, Nancy N. Bills, Assistant District Attorney, for appellee.