A97A1278. ARNOLD v. THE STATE.
(491 SE2d 205)

BIRDSONG, Presiding Judge.

Lawrence S. Arnold was convicted of driving under the influence in violation of OCGA § 40-6-391 and being in possession of an open container of alcoholic beverages while operating a motor vehicle in violation of OCGA § 40-6-253. He appeals, contending the trial court erred in denying him a continuance when a material witness did not show up at trial in response to his subpoena, and that the trial court erred further in accepting the officer's hearsay evidence of what that absent witness told him.

Appellant went with Marty Lester to McDonald's restaurant. Lester became engaged in a disturbance in the restaurant and police were called. At trial the only State's witness was the officer who arrested appellant, Officer Atwater. The officer testified that Lester appeared to be intoxicated and that Lester told him appellant drove him to the restaurant.

Lester did not appear in court in response to subpoena. Therefore, appellant objected to testimony by the officer as to what Lester told him. The trial court overruled the objection on grounds that this testimony was an exception to the hearsay rule, the reason for the testimony being not to show the truth of what Lester told the officer, but to show how the officer "turned his investigation in a different way," viz., toward appellant.

Appellant testified that he had not driven the truck because he had been drinking, and, that Lester drove the car. Appellant's father

testified that when appellant and Lester left his residence earlier, he saw Lester get in the driver's seat and drive away. *Held*:

1. The trial court erred in denying appellant a continuance because of the absence of the subpoenaed witness, Lester. The record shows unequivocally that appellant made the full showing required by OCGA § 17-8-25 to authorize a continuance on these grounds. Appellant also stated the fact he expected the witness to testify, which was that he, and not appellant, drove the truck to McDonald's.

The State contends, and the trial court found, that appellant did not show Lester's testimony was "material." This is untrue. Appellant's counsel stated to the court: "I state in my place as an officer of the court that [Lester's] testimony is material as. . . . He was a witness there. The issue . . . is whether [Lester] was under the influence and whether this man was driving or was [appellant] driving. I state in my place that his testimony would be material. It would be of benefit for the [appellant]. . . . The facts expected to be proven by the absent witness are that he was with [appellant], that he, in fact, drove [appellant] to McDonald's."

Lester's testimony is, in fact, material. Lester is the only person who can testify as to the truth of the officer's testimony that Lester told him appellant drove the truck. He is the only person who was in the truck with appellant. Although Lester's testimony would be interested testimony, appellant was convinced Lester would testify that he (Lester) was driving. If so, this would discredit the officer's testimony that both Lester and appellant had told him appellant drove Lester to McDonald's. This Court cannot rule that the testimony of the subpoenaed witness, Lester, was not credible, was not material, or was cumulative, for it would stand to contradict the testimony of the state's only witness and thereby would raise a reasonable doubt as to appellant's guilt. It is always a matter for the jury to decide the credibility of any witness.

Granting or denying a continuance on account of an absent witness is generally a matter within the trial court's discretion. However, when a criminal defendant moves for a continuance based on a witness' absence, the trial court's discretion may be deemed to be abused where the defendant has shown the court all the prerequisites of OCGA § 17-8-25, for where the motion for continuance complies with all of the requirements of OCGA § 17-8-25 and there is no counter showing by the State, it is error to refuse to grant the continuance. *Miller v. State*, 208 Ga. App. 20, 22 (430 SE2d 159). Despite the trial court's finding and despite the State's representations, the record may, as in *Miller*, show conclusively that the defendant made the requisite showings and that the State made no counter showing.

The trial court apparently rested its denial of a continuance on the equivocal testimony of the investigator who served the subpoena

on Lester, that, "Yes, I do, possibly [expect that at a later time I might be able to find him]." But the equivocal testimony of the process server does not contradict appellant's counsel's statement that he would be able to get the witness to trial; much less does it conclusively establish by "counter showing" that appellant's counsel would not be able to get the witness to trial. Moreover, we held in *Miller* that it was not incumbent on defense counsel to state with certitude just when the witness would be available to testify; it was enough that counsel showed he reasonably expected the witness' presence could be obtained without undue delay. Unless proven to be false, counsel's statements alone are sufficient to authorize the protection of the defendant's right to compulsory process and due process. *Wingfield v. State*, 159 Ga. App. 69, 71 (282 SE2d 713). See also *Thornton v. State*, 238 Ga. 160 (231 SE2d 729); *Jackson v. State*, 184 Ga. App. 133, 134-135 (360 SE2d 907). The denial of continuance because of the absence of the witness Lester was error.

2. The trial court, over hearsay objection, admitted the officer's statement that Lester told him appellant had driven the truck. The State contends this testimony was admissible as an exception to hearsay because it was necessary to show why the officer's attention was directed to appellant. "When in a legal investigation, information, conversations, letters and replies, and similar evidence are facts *to explain conduct and ascertain motives*, they shall be admitted in evidence not as hearsay but as original evidence." (Emphasis supplied.) OCGA § 24-3-2.

The officer's testimony as to what Lester told him was hearsay in this case, and its admission was error. The use of "explanation of conduct" testimony has been limited to the "rare instances" (*Ross v. State* 210 Ga. App. 455, 456 (436 SE2d 496)) where the officer's conduct is at issue and needs to be explained. *Teague v. State*, 252 Ga. 534, 535 (314 SE2d 910); *Momon v. State*, 249 Ga. 865 (294 SE2d 482). Here, the officer's conduct in talking to appellant and in looking at the vehicle in which Lester arrived was not in question and did not need to be explained. *Goodman v. State*, 167 Ga. App. 378 (306 SE2d 417). Since he perceived that Lester was drunk, it was not inappropriate for the officer to determine from a witness (appellant) whether Lester had driven to the restaurant. Moreover, since he saw appellant sitting in the driver's seat of the car in which Lester had arrived, the officer did not require any statement from Lester to focus his attention on appellant. He might reasonably have had an articulable suspicion that the man sitting in the driver's seat might be intoxicated. See *McGaughey v. State*, 222 Ga. App. 477, 478-479 (474 SE2d 676).

Even if the officer's conduct in questioning appellant was deemed necessary to explain, it could have been dealt with by the officer's stating that he saw appellant sitting in the driver's seat of

the car in which Lester had arrived and, after talking with Lester, who appeared drunk, the officer decided to investigate further. The admission of an alleged statement by an absent witness was prejudicial to appellant and this prejudice was not outweighed by any necessity to explain the officer's conduct. The trial court's failure to grant a continuance to secure this witness and the admission of his hearsay were errors, and as testimony undoubtedly affected the verdict, the verdict is reversed. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515).

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 12, 1997.

*David A. Lamalva*, for appellant.

*Cheryl F. Custer, Solicitor, Charles C. Flinn, Assistant Solicitor*, for appellee.