A99A2471. SULLIVAN v. THE STATE.
(531 SE2d 367)

BARNES, Judge.

Although indicted for murder, felony murder, aggravated assault, and three counts of possession of a firearm while committing those crimes, George Robert Sullivan was convicted only of aggravated assault and possession of a firearm during the commission of an aggravated assault. He was sentenced to twenty years to serve on the first conviction and five years to serve on the second. The sentences are to be served consecutively.

Sullivan contends the trial court erred by (1) denying his motion to suppress, (2) denying his motion in limine to prevent the State from referring to removing or mutilating the deceased victim's body, (3) preventing him from calling certain defense witnesses, and (4) denying him bond. He also contends his conviction for aggravated assault is inconsistent with his acquittal of murder. We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that Sullivan and the victim had a dispute that culminated in a drunken incident in which the victim struck Sullivan on the head with a maul and Sullivan shot the victim in the head with a high-

---

powered rifle. Later, the victim's body was found near a highway tied behind his pickup truck. The evidence showed that the body had been dragged to that location. Two experts testified that Sullivan's rifle was defective and would fire without the trigger being pulled.

1. Sullivan asserts his convictions must be reversed because they are inconsistent with his acquittal of the murder charges against him. We find no merit to this contention because the inconsistent verdict rule in criminal cases has been abolished in this state. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). Further, while Sullivan contends the verdicts were mutually exclusive (see *Dumas v. State*, 266 Ga. 797, 799 (2) (471 SE2d 508) (1996)), that doctrine is inapplicable here. The doctrine of mutually exclusive verdicts applies only when a jury returns multiple convictions for crimes which are mutually exclusive of each other. In this case, the jury returned not guilty verdicts on the murder counts and a guilty verdict on the aggravated assault count. Therefore, the verdicts actually returned by the jury were neither inconsistent nor mutually exclusive. *Huntley v. State*, 271 Ga. 227, 229 (3) (518 SE2d 890) (1999).

2. Sullivan also contends the trial court erred by denying his motion to suppress evidence seized at his home. The evidence showed that after the victim's body was discovered, the police investigation led to Sullivan's home. When the police arrived, a locked gate barred access to his property, but the police walked around the gate and entered Sullivan's property. Once on the property, they found a pool of blood and other evidence that appeared to be connected to the victim's death. They then arranged for a search warrant to complete the search of Sullivan's property.

Sullivan contends that the police's entry on his property was unlawful because no exigent circumstances existed to justify the warrantless search. Sullivan also asserts that the illegal search tainted the subsequent search pursuant to the warrant and that the items seized from his property should have been suppressed. Pretermitting whether the motion to suppress should have been granted, however, is the question whether Sullivan was harmed by the trial court's decision. We find that he was not. Because Sullivan's defense to the charges was that he shot the victim in self-defense and because other independent evidence connected him to the weapon used in the shooting and the act itself, we find it highly probable that the trial court's holding did not contribute to the judgment and that the error, if any, was harmless beyond a reasonable doubt. *McGee v. State*, 209 Ga. App. 261, 262 (1) (433 SE2d 374) (1993).

3. Sullivan's allegation that the trial court should have prevented the State from referring to the fact that the victim's body was moved and mutilated is also without merit. As a general rule, admission of evidence is a matter resting within the sound discretion of the

trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State,* 178 Ga. App. 742, 743 (1) (344 SE2d 536) (1986). Although Sullivan contends the evidence concerning the dragging was not relevant to any issue in the case, this evidence was admissible on whether the victim was murdered because the jury might conclude removing the victim's body from Sullivan's property and mutilating it in the process was inconsistent with Sullivan's claims of self-defense. Thus,

> [e]ven though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue.

(Citations and punctuation omitted.) *Carroll v. State,* 202 Ga. App. 544, 547 (2) (415 SE2d 37) (1992).

4. Sullivan further contends that the trial court abused its discretion by refusing to allow him to call witnesses about whom he failed to furnish the State with the information required by OCGA § 17-16-8 (a). We find no error. Under OCGA § 17-16-6, the trial court had discretion to exclude these witnesses upon showings of prejudice to the State and bad faith by the defense. Implicit in the trial court's decision to exclude these witnesses is the determination that prejudice and bad faith were shown. The trial court's rulings on these matters are accepted unless they are clearly erroneous, and this determination is supported by the evidence. Even the partial information provided was given so late as to prevent the State from adequately investigating the witnesses, their testimony, and their criminal history. Further, as the witnesses who were belatedly noticed were the defendant's relatives, friends, neighbors, acquaintances, co-workers, and employers, some evidence supports the trial court's conclusion that the required information was not provided in bad faith. Therefore, we do not find that the trial court abused its discretion by excluding these witnesses. *Todd v. State,* 230 Ga. App. 849, 854 (3) (b) (498 SE2d 142) (1998).

5. Pretermitting whether the trial court erred by denying Sullivan bond, the issue is now moot. Sullivan wanted bail pending trial, and because the trial has been concluded, there is nothing for us to review. See *Lane v. State,* 247 Ga. 387 (276 SE2d 644) (1981).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MARCH 16, 2000 — ■■■■■■■■

*Ray C. Smith, Lloyd D. Murray*, for appellant.
*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellee.