A00A2263. MORRIS v. THE STATE.
(540 SE2d 244)

PHIPPS, Judge.

As a result of a fracas between rival gang members, Shane Morris was convicted of multiple counts of aggravated assault and of possession of a firearm during commission of a felony. Morris appeals the denial of his motion for a new trial. He contends that the trial court erred in denying his challenge under *Batson v. Kentucky*[1] to the

---

[23] See *Adams v. Sears, Roebuck & Co.*, 227 Ga. App. 695, 696-697 (1) (490 SE2d 150) (1997).

[24] *Ogletree VII*, 271 Ga. at 645.

[25] Id.

[26] Id.

[1] 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

State's use of a peremptory strike to remove Juror 26, the sole black member of the jury venire. We disagree and affirm.

During voir dire, the prosecuting attorney asked whether any juror, or any family member, relative, or close friend of a juror, had ever been the victim of a violent crime or accused of a crime. Although Jurors 10, 26, 33, and 39 responded in the affirmative, the prosecuting attorney exercised a peremptory strike only against Juror 26.

The transcript of voir dire shows the following. In response to the prosecutor's question, Juror 10 related that his brother had been accused of robbery or forgery. When asked whether to the extent of his personal knowledge he thought his brother was treated fairly, the juror responded in the affirmative. Juror 26 stated that he had a high school friend who was convicted of a drug offense. The prosecutor asked the juror whether to the extent he had any knowledge he felt that his friend was treated fairly by the police. After Juror 26 responded affirmatively, the prosecutor observed that the response had been given with hesitation. In response to additional questioning, the juror then stated that he did not really know whether his friend was treated fairly. Juror 33 related that her brother had been murdered in another state and that the perpetrator of the crime was convicted. When asked whether to the extent of her knowledge she felt that the police acted appropriately and did a good job, she responded that she had no opinion in that regard because she had not attended the trial. Juror 39 stated that her son had been convicted of arson. When asked whether she felt he had been treated fairly, she responded "not necessarily" and explained why.

After voir dire concluded, Morris brought the *Batson* motion.

> The United States Supreme Court has established a three-step test for evaluating challenges to peremptory strikes. Once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination.[2]

The trial court accepted the argument that the defense had made out a prima facie case of racial discrimination, thereby completing step 1 of *Batson*. During step 2, the prosecutor stated that he

---

[2] (Citations and punctuation omitted.) *Williams v. State*, 236 Ga. App. 190 (511 SE2d 561) (1999).

accepted Juror 10 because he responded without hesitation when asked whether his brother had been treated fairly, and that he struck Juror 26 because he only reluctantly and hesitatingly responded that his friend was treated fairly. The prosecutor neglected to offer an explanation for not striking Juror 33, and none was elicited. The prosecutor explained that he did not strike Juror 39 because he had only one remaining peremptory challenge and felt that he might need to use it against Juror 35, who had been a gang member and convicted felon whose rights had been restored. His dilemma was resolved when jury selection ended with defendant's acceptance of Juror 34.

The trial court correctly resolved the step 2 question when it ruled that the prosecutor gave a race-neutral explanation for striking Juror 26. "[A] neutral explanation means an explanation based on something other than the race of the juror. . . . Unless a discriminatory intent is inherent in the proponent's explanation, the reason offered will be deemed race neutral."[3]

In step 3, the court must "evaluate the persuasiveness of the justification for exercising the strike and determine 'whether the opponent of the strike . . . carried his burden of proving purposeful discrimination.' [Cit.]"[4] The opponent of the strike may carry his burden of persuasion by showing that similarly situated jurors of another race were not struck.[5]

> "The trial court's decision on a *Batson* motion rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous." [Cit.][6]

"[T]he factors that make up a trial court's credibility determination under *Batson* . . . will often go beyond the mere words that accompany the record before the appellate courts."[7]

Here, the record in fact reflects that when asked whether their friends or relatives had been treated fairly in connection with other criminal proceedings, Juror 10 did give a ready, affirmative answer, whereas Juror 26's response was hesitating and equivocal. Of course,

---

[3] (Citations and punctuation omitted.) *Jackson v. State*, 265 Ga. 897, 898 (2) (463 SE2d 699) (1995).

[4] Id. at 899.

[5] (Footnotes omitted.) *Barnes v. State*, 269 Ga. 345, 349 (6) (496 SE2d 674) (1998).

[6] *Williams v. State*, supra.

[7] *Gardner v. State*, 225 Ga. App. 427, 434 (483 SE2d 912) (1997) (physical precedent only).

the degree of hesitation is not shown by the record. The prosecutor provided a plausible reason for accepting Juror 39 and was not asked to furnish a reason for not striking Juror 33. Under the circumstances, the trial court's finding that the defendant did not carry his burden of proving purposeful discrimination is not clearly erroneous.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 4, 2000.

*Rich & Smith, Randolph G. Rich,* for appellant.

*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney,* for appellee.