A06A1105. ACEY v. THE STATE.
(635 SE2d 814)

BARNES, Judge.

Ricky Acey appeals his convictions for false statements under OCGA § 16-10-20, and conspiracy to commit theft by shoplifting under OCGA § 16-4-8. After a two-day trial, the trial court sentenced Acey to six years in prison. Acey contends that the trial court erred in finding a prima facie case of racial discrimination in the use of his peremptory jury challenges, in holding that the reasons he gave for the peremptory challenges were not race-neutral, and in excluding

---

the testimony of his witnesses. He also contends the evidence was not sufficient to support his convictions and his trial counsel was ineffective. For the reasons that follow, we affirm the convictions, but remand for a hearing on Acey's ineffective counsel claim.

1. Acey contends that the evidence presented at trial was not sufficient as a matter of law for a reasonable juror to find all of the elements of the crimes charged against him proven beyond a reasonable doubt. "When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *Dean v. State*, 273 Ga. 806 (1) (546 SE2d 499) (2001), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This Court "does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." Id. at 807. On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003).

At trial, the State presented testimony and evidence that was more than sufficient to allow a rational trier of fact to find Acey guilty beyond a reasonable doubt. The evidence presented at trial demonstrated that Acey not only conspired with Tawana Stewart to commit theft by shoplifting, but committed overt acts in furtherance of this conspiracy, as required by OCGA § 16-4-8. Stewart testified that she regularly sold stolen goods to police officers, including Acey. She called Acey at the police station while Special Agent Ben Hanson listened, and told him that she was "going stealing." Acey requested two specific items of clothing in his sizes and called Stewart a few days later to find out if she had stolen the clothing for him. The State presented a recording and transcript of the telephone conversation between Stewart and Acey, and although parts of the recording were inaudible, the jury heard parts of the discussion about payment and clothing sizes. Acey gave a written statement, that the State introduced into evidence, in which he admitted that Stewart told him she was going stealing, and that he requested clothing for which he agreed to pay her $35.

"The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80. While Acey testified that he did not agree to buy the stolen clothes from Stewart, and that he did not initially lie to Hanson, the jury had the right to disbelieve this testimony, and to believe the testimony of Stewart and Hanson. Their testimony, along with the recorded conversation and Acey's written statement, established the necessary elements for convictions of false statements

under OCGA § 16-10-20, and conspiracy to commit theft by shoplifting under OCGA § 16-4-8. This evidence was sufficient for a rational trier of fact to find Acey guilty beyond a reasonable doubt.

2. Acey contends that the trial court erred in excluding the testimony of his witnesses. The trial court excluded this testimony because Acey failed to file reciprocal discovery, including the witness list, until the day of trial. Acey contends that he did not opt into reciprocal discovery, and that he merely provided the list on the day of trial as a courtesy, but the record contradicts this contention. Acey filed a motion to opt into reciprocal discovery on September 29, 2005, but did not file his responses to reciprocal discovery until November 28, 2005, the first day of his trial. OCGA § 17-16-8 (a) requires the defendant to provide the prosecutor with a witness list containing specified information not less than five days prior to trial. The trial court's remedies when a defendant fails to comply with this requirement are set out in OCGA § 17-16-6:

> If at any time during the course of the proceedings it is brought to the attention of the court that the [defendant] has failed to comply with the requirements of this article, the court may order the [defendant] to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the [defendant] from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances. . . . The court may specify the time, place, and manner of making the discovery, inspection, and interview and may prescribe such terms and conditions as are just.

Acey did not properly preserve this issue for appeal. The record is incomplete regarding the trial court's ruling on this issue, and there is no indication that Acey tried to perfect the record or secure a clear ruling on the issue. Acey further did not even object to the trial court's ruling, or attempt to call any witnesses. The record does not reflect any clear reason why none of Acey's witnesses testified, and therefore Acey waived his right to appeal this issue.

Even if Acey had properly preserved this issue for appeal, the trial court did not err in excluding the witnesses. "As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. [Cit.]" *Sullivan v. State,* 242 Ga. App. 839, 840-841 (3) (531 SE2d 367) (2000). "[I]n enacting OCGA § 17-16-6, the legislature did not impose a rigid formulation or grant an exclusive remedy for a defendant or a fatal consequence to

the State for failure to comply with the discovery mandates. Instead, it cloaked the trial court with the discretion to use its own judgment to ensure a fair trial." (Citation and punctuation omitted.) *Morris v. State*, 268 Ga. App. 325, 325-326 (1) (601 SE2d 804) (2004). This Court is "not required to consider any particular course of action in any particular order, but has discretion to take any listed corrective action it deems appropriate." *Jones v. State*, 251 Ga. App. 285, 286 (1) (554 SE2d 238) (2001).

The trial court had the discretion to choose the course of action it took when Acey failed to file his witness list within the five days before trial, as required by OCGA § 17-16-8 (a). Under OCGA § 17-16-6, the trial court may exclude the witnesses upon showings of prejudice to the State and bad faith by the defense. See *Sullivan v. State*, supra, 242 Ga. App. at 841. The requirement of bad faith is satisfied because nothing in the record indicates that Acey did not know of these witnesses, or intend to call them, until the day of the trial. There is no good faith explanation for Acey's failure to disclose his witnesses to the State. The requirement of prejudice to the State is satisfied because the State had no notice of the witnesses until the day of trial, and thus it had no opportunity to investigate these witnesses or their testimony. See id. This Court accepts the trial court's rulings on these matters unless they are clearly erroneous, and under the circumstances of this case, we would not disturb the trial court's decision even if Acey had properly preserved this issue for appeal.

3. Acey contends that the trial court erred in finding a prima facie case of racial discrimination in his peremptory jury challenges. Acey further contends that the trial court erred in holding that Acey's reasons for the peremptory challenges to three of the jurors were not race-neutral.

At the close of jury selection, Acey, an African-American male, made a *Batson* challenge to the State's use of peremptory challenges, alleging that the State exercised all nine of its strikes against the only African-American individuals on the panel. The trial court set out the three-step criteria that the United States Supreme Court established for *Batson* challenges. The State gave its reasons for the strikes, and the trial court placed five of the nine jurors the State struck back on the jury, finding that they were struck for discriminatory reasons.

After the Court ruled on Acey's *Batson* challenge, the State challenged Acey's use of peremptory challenges on the basis that Acey only struck white individuals. Acey responded that all of the African-American individuals were struck before he made his strikes, but the trial judge nevertheless required Acey to give reasons for his strikes. The trial court placed four of the nine jurors Acey struck back on the jury, and three of those jurors were impaneled as members of the jury.

When making its determinations about the individuals Acey struck, the trial court found that his explanations were contrived because he had previously challenged the same explanation given by the State to justify several of its strikes.

Acey objected to the trial court's ruling on his use of peremptory strikes, alleging that the State failed to establish a prima facie *Batson* case, because he was only left with white jurors to strike. The trial court overruled Acey's objection, finding that his reasons were inconsistent, not credible, or were otherwise unsupported by the record.

In *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), the United States Supreme Court held that the Equal Protection Clause prohibits a prosecutor from challenging potential jurors on account of their race. In *Georgia v. McCollum*, 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992), the Supreme Court extended *Batson* by holding that the Equal Protection Clause likewise prohibits a criminal defendant from engaging in purposeful discrimination on the basis of race in the exercise of peremptory challenges.

Although the record in this case contains transcripts of the *Batson* challenges made by Acey and the State, there is no record of the initial jury interviews and selection. "Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41. [Cits.]" *Thomas v. State*, 208 Ga. App. 367 (1) (430 SE2d 768) (1993). Acey did not satisfy his burden of completing the trial record, and the statements on the record about what transpired during jury selection are not a sufficient basis for appellate review. The recollections of Acey and the State about what happened during the jury selection "do not provide a basis for appellate review as colloquies between court and counsel and argument of counsel, though included in the record, are not competent evidence of the facts observed therein, and do not suffice to make a proper record of facts required to establish a prima facie case of discrimination." (Citation and punctuation omitted.) Id.[1]

To evaluate claims that the state or defendant used peremptory challenges in a racially discriminatory manner, the trial

---

[1] In *Thomas*, the defendant contended that the trial court erred in failing to grant his motion to assemble another jury panel, arguing that the State exercised six peremptory strikes in a racially discriminatory manner. At trial, the State explained its use of each of its peremptory strikes, and the trial court accepted these explanations as race-neutral. This Court held that it must accept the trial court's decision because voir dire was not in the record, and "great deference should be given to such a finding since it largely will turn on evaluation of credibility." (Citations omitted.) Id. at 368.

court must engage in a three-step process: first, the opponent of a peremptory challenge must make a prima facie showing of racial discrimination; second, the burden of production shifts to the proponent of the strike to give a race-neutral reason for the strike; and third, the trial court decides whether the opponent of the strike has proven discriminatory intent.

*Moon v. State*, 280 Ga. App. 84 (1) (633 SE2d 418) (2006). The third step of this evaluation requires the trial court to act as the trier of fact, and the trial court's findings are entitled to great deference. This Court will affirm the trial court's findings unless they are clearly erroneous. *Morris v. State*, 246 Ga. App. 260, 262 (540 SE2d 244) (2000).

Acey contends that he only struck white jurors because there were only white jurors available for him to strike. Acey does not allege that there were only white jurors on the initial jury panel, and the record indicates that there were at least nine African-American jurors, because Acey made a *Batson* challenge when the State used all of its nine strikes against African-American jurors. The trial record does not include the procedure that the trial court used for selecting the jury, and thus this Court cannot determine whether Acey only had the opportunity to strike white jurors or not. The record shows that the trial court followed the proper three-step procedure for evaluating the State's *McCollum* challenge. "[W]e are hampered in our efforts to fully analyze this issue because voir dire was not transcribed," but based on our review of the arguments, "we find no clear error in the trial judge's conclusions that these strikes were exercised in a racially discriminatory manner." *Pitts v. State*, 278 Ga. App. 176, 178 (1) (628 SE2d 615) (2006); *Thomas v. State*, supra, 208 Ga. App. at 367. We therefore must defer to the trial court's determinations on this issue. The trial court did not deny Acey his constitutional right to be tried by a properly selected jury, and thus he is not entitled to a new trial on this ground.

4. Acey contends that his trial counsel was ineffective because he (a) failed to file reciprocal discovery as required by law, including the list of witnesses, precluding him from presenting any evidence at trial besides his own testimony; (b) failed to object properly to the exclusion of his witnesses; (c) failed to object to the improper procedure used by the trial court in evaluating his jury challenges after the State's *Batson* challenge; (d) withdrew one of his peremptory challenges based upon an erroneous ruling of the trial court during the *Batson* challenge process; (e) failed to object properly when Stewart testified concerning Acey's bad character; and (f) failed to file requests to charge.

To prevail on an ineffectiveness of counsel claim, a defendant must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Barner v. State*, 276 Ga. 292, 294 (4) (578 SE2d 121) (2003), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In this case, Acey was sentenced on November 29, 2005, and his trial counsel filed a notice of appeal on December 22, 2005 without first filing a motion for new trial. Acey's appellate counsel was appointed afterward and filed a notice of appearance on January 24, 2006.

The issue of trial counsel's ineffectiveness was raised for the first time on appeal, and the trial court has had no opportunity to consider it. Further, the State agrees that this Court should remand this case to the trial court for a hearing to establish a record and to rule on Acey's ineffective counsel claims. In *Hightower v. State*, 189 Ga. App. 553, 555 (3) (376 SE2d 717) (1988), this Court held that when a party raises an ineffective assistance claim for the first time on appeal, and the claim was not the subject of an amended motion for a new trial, the claim should be remanded to the trial court for an evidentiary hearing. "The advantage of this procedure is that the claim can be promptly resolved by the judge who presided over the trial as opposed to having it resolved by a habeas court somewhere down the road." (Citation and punctuation omitted.) Id. We accordingly remand this case to the trial court for a hearing and ruling on the ineffective assistance of counsel issue.

*Judgment affirmed and case remanded with direction. Andrews, P. J., and Bernes, J., concur.*

DECIDED AUGUST 18, 2006.

*William F. Rucker*, for appellant.
*Scott L. Ballard, District Attorney, Robert H. English, Cindy L. Spindler, Assistant District Attorneys*, for appellee.