## A08A1711. THEOPHILE v. THE STATE.

(672 SE2d 479)

MIKELL, Judge.

Terence Lajuan Theophile was convicted of armed robbery, hijacking a motor vehicle, and attempted theft by taking. He was sentenced to a total of 25 years, with 15 years to serve in prison. On appeal from the order denying his motion for a new trial, Theophile

---

argues that the trial court erred in refusing to allow an alibi witness to testify and in denying his motion for a continuance. We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that shortly after 11:00 p.m. on November 19, 2001, John Williams was sitting in a borrowed car when he saw two masked men running toward him. One of the masked men was carrying a rifle, and the other had a shotgun. They ordered Williams to get out of the car and onto the ground. Apparently, Williams did not comply quickly enough, and the robber wearing what Williams described as a "Scream-looking mask" hit him in the chest with the butt of the rifle. While Williams was on the ground, the other robber went through his pockets and took his cell phone and wallet. Then the robbers stole his car.

Later that same night, between 1:00 a.m. and 2:00 a.m., John Finley heard a loud noise and looked through his apartment window. He saw that someone had broken into his car, and three men were trying to steal it. However, the car was equipped with an anti-theft device, and the men could not start it. Finley called 911, and the police arrived in time to apprehend one of the suspects, James Herrington. The car stolen from Williams was recovered at the scene. A loaded 12-gauge shotgun, a rifle, a "Scream" Halloween mask, and a ski mask, were found in the car. Hairs were recovered from the "Scream" mask; one matched Theophile's DNA profile. Theophile's co-defendant, Antonio Pounds, pleaded guilty to robbery by force and testified against Theophile. Pounds testified that he, Theophile, and another man, Ronald Bennett, went joyriding with Herrington; that Theophile wanted to steal Williams's car because it had stereo equipment; that Theophile led the men to Williams's house and took the shotgun and rifle out of Herrington's trunk; and that Herrington and Pounds drove off and left Theophile and Bennett at the scene. Several minutes later, Theophile called Pounds and instructed him and Herrington to meet Theophile on a specific street. When Pounds arrived, Theophile and Bennett were there with the stolen car. Pounds watched the men take stereo equipment out of Williams's car and stash it in Herrington's trunk. Pounds testified that there were masks in the back seat where Theophile and Bennett were sitting, although Pounds never saw either one wearing a mask.

Theophile asserted an alibi defense. His cousin, Carlos Jones, testified that on the night in question, he spent time with Theophile and then took him to the home of Chavon Martineze to have his hair plaited. Jones testified that he left Theophile there for three or four hours, picked him up between 1:30 a.m. and 2:00 a.m., and then took him to his girlfriend's house. Martineze testified that Theophile

arrived at 8:30 or 9:00 p.m.; that she plaited his hair; and that Jones picked him up at 1:30 a.m.

1. Theophile argues that the trial court erred in excluding the testimony of an additional alibi witness.

The record reveals that after the state filed a demand for discovery, Theophile opted into the reciprocal discovery provisions of OCGA § 17-16-1 et seq. by serving written notice on the state, as required by OCGA § 17-16-2 (a).

> A defendant who opts into the reciprocal discovery statute is entitled to, among other things, pretrial discovery of any witness statements in the [s]tate's possession, certain statements of the defendant, and the defendant's criminal history. The defendant is also entitled to review and copy any documents or other items in the [s]tate's possession, including scientific reports, which the [s]tate intends to use as direct or rebuttal evidence. In return for this entitlement, the defense is required, among other things, to provide reciprocal discovery of documents and items in its possession (OCGA § 17-16-4 (b)) and to provide discovery regarding any alibi defense (OCGA § 17-16-5).[1]

According to OCGA § 17-16-5 (a), Theophile was required to disclose to the state ten days prior to trial "the names, addresses, dates of birth, and telephone numbers of the witnesses, if known to [him], upon whom [he] intend[ed] to rely to establish such alibi." Theophile did not provide the name of the proffered witness, Sergio Campbell, to the state until the middle of trial. In arguing that this witness should be allowed to testify despite Theophile's violation of OCGA § 17-16-5 (a), trial counsel stated that he did not realize that the witness, a high school student who is the brother of Theophile's girlfriend, was "available" and had material information. Counsel had subpoenaed the girlfriend and her mother, but they did not appear at trial.

The prosecutor objected to counsel's request to permit Campbell to testify because she had not been notified before trial; she had not had an opportunity to interview the witness; and she had not been given any information concerning the witness other than his name. The court declined to permit Campbell to testify, but allowed counsel to make a proffer. Campbell informed the court that his mother and sister were presently at home; that Theophile dated his sister; that on November 20, 2001, at approximately 2:00 a.m., Theophile knocked

---

[1] (Citations omitted.) *Baker v. State*, 238 Ga. App. 285, 286 (1) (518 SE2d 455) (1999).

on the door of his family's home; that Campbell let him in; and that Theophile stayed all night.

When a defendant fails to comply with discovery requirements, the trial court "may order the defendant to permit . . . interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the defendant from . . . presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances."[2] In the case at bar, the trial court did not make an express finding of bad faith by the defense or prejudice to the state, and Theophile argues that none was shown. He contends that the state was on notice of the other alibi witnesses and the substance of their testimony, so that it was not prejudiced by the substitution of a witness from the same household.

"In enacting OCGA § 17-16-6, the legislature did not impose a rigid formulation or grant an exclusive remedy . . . for failure to comply with the discovery mandates. Instead, it cloaked the trial court with the discretion to use its own judgment to ensure a fair trial."[3] As the trial court expressed in its order denying the motion for a new trial,[4] there is evidence of bad faith by the defense in failing to disclose the alibi witness in a timely fashion. The defense asserted that it was unaware of Sergio Campbell until the middle of trial, yet he was the son and brother of the two disclosed alibi witnesses and had been at home on the night in question. The defense further asserted that it could not locate Campbell's mother and sister, but Campbell testified that he believed that they were at home at the time of the trial. In addition, the belated notice precluded the state from adequately investigating the witness, thereby satisfying the prejudice requirement.[5] Specific findings of fact regarding bad faith and prejudice are not required. "Implicit in the trial court's decision to exclude [this witness] is the determination that prejudice and bad faith were shown. The trial court's rulings on these matters are accepted unless they are clearly erroneous, and this determination is supported by the evidence."[6] The trial court did not abuse its discretion in excluding the witness's testimony.

---

[2] OCGA § 17-16-6.

[3] (Punctuation and footnote omitted.) *Gay v. State*, 258 Ga. App. 634, 639 (3) (574 SE2d 861) (2002).

[4] The transcript of the hearing on the motion for new trial has been omitted from the record on appeal. Although the notice of appeal designates that nothing shall be omitted from the record on appeal and that a transcript of evidence and proceedings would be filed, appellate counsel subsequently informed the court that a transcript of the new trial hearing would not be included in the appellate record.

[5] See *Acey v. State*, 281 Ga. App. 197, 200 (2) (635 SE2d 814) (2006).

[6] *Sullivan v. State*, 242 Ga. App. 839, 841 (4) (531 SE2d 367) (2000); accord *Walker v. State*, 268 Ga. App. 669, 673 (4) (a) (602 SE2d 351) (2004).

2. Theophile contends that the trial court erred in denying his motion for continuance to await another alibi witness who left town to attend a family emergency and was returning "on a bus from North Carolina" to attend the trial. In denying the motion, the trial court noted that the case had already been on the calendar five times and that the court had sent the jury home early on the previous day of testimony. The grant or denial of a motion for continuance is a matter within the sound discretion of the trial court, and this Court will not interfere absent abuse of that discretion.[7] In addition, to warrant a continuance based upon the absence of a witness, the requesting party must show compliance with the requirements of OCGA § 17-8-25, which are that

> the witness is absent, he has been subpoenaed, he does not reside more than 100 miles from the place of trial, his testimony is material, the absence is not with permission of the applicant, his testimony can be procured by the next term of court, the facts expected to be proved, and that application is not made for the purpose of delay. Each of the requirements set forth in OCGA § 17-8-25 must be met before an appellate court may review the exercise of the trial court's discretion in denying a motion for continuance based upon the absence of a witness.[8]

It is also axiomatic that harm must be shown from the denial of a motion for a continuance to secure the witness.[9] In the case at bar, pretermitting whether the defense made the showings required by OCGA § 17-8-25 at trial, we cannot review the exercise of the trial court's discretion in denying Theophile's motion for continuance because he has chosen to omit from the record on appeal the transcript of the hearing on the motion for new trial. Apparently, the witness in question testified at that hearing, as the state and Theophile both cite to his testimony in their respective appellate briefs. "It is well established that the burden is on the party alleging error to show it affirmatively by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm."[10] Absent the transcript of this witness's

---

[7] *Krirat v. State*, 286 Ga. App. 650, 657 (3) (649 SE2d 786) (2007).

[8] Id., citing *Joiner v. State*, 265 Ga. App. 395, 396 (1) (593 SE2d 936) (2004).

[9] *Brandon v. State*, 236 Ga. App. 203, 204-205 (3) (511 SE2d 573) (1999); *Gay v. State*, 220 Ga. App. 78, 79 (467 SE2d 383) (1996).

[10] (Punctuation and footnote omitted.) *Bollinger v. State*, 259 Ga. App. 102, 105 (2) (576 SE2d 80) (2003).

testimony, we are unable to determine what harm, if any, his absence caused.[11] Accordingly, we presume the trial court correctly denied the motion for new trial.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 13, 2009.

*Barbara B. Claridge*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[11] See *Brandon*, supra at 205 (3).